ROSE, Collector of Internal Revenue, v. HAVERTY FURNITURE CO.

(Circuit Court of Appeals, Fifth Circuit. October 27, 1926.)

No. 4805.

1. Internal revenue ⊚⟶38(13).

Evidence as to changes made in building by lessee held to present jury question as to whether expenditures were for repair or improvements, relative to allowance as annual expenses in determining income tax.

2. Courts ⊚⟶406(1).

Circuit Court of Appeals must assume correctness of plaintiff's tax returns, and statements therein not denied, where evidence is not brought up in record.

3. Internal revenue ⊚⟶7(18).

Where income tax return is made on accrual basis, it is immaterial whether building repairs deducted from total income were actually paid for in year deduction was made.

4. Internal revenue ⊚⟶38(11).

Amendment to petition for refund of income tax, eliminating certain items, after decision of another case by Supreme Court, held properly allowed.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit by the Haverty Furniture Company against Josiah T. Rose, Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Affirmed.

C. P. Goree, of Atlanta, Ga. (Clint W. Hager, of Atlanta, Ga., and A. W. Gregg and Frederick W. Dewart, both of Washington, D. C., on the brief), for plaintiff in error.

Marion Smith, of Atlanta, Ga. (Bloodworth & Fort, of Washington, D. C., Little, Powell, Smith & Goldstein, of Atlanta, Ga., and O. H. B. Bloodworth, Jr., of Washington, D. C., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error, a Texas corporation, plaintiff below, hereafter referred to as plaintiff, is engaged in the retail furniture business in Dallas, Tex., but has its headquarters in Atlanta, Ga., where its returns for federal taxes are made. In February, 1920, it leased a new store in Dallas for a period of 10 years, from January 1, 1921. By the terms of the lease it was given permission to make necessary repairs and alterations to the building, and the lessor was relieved of that obligation, with the proviso that any repairs and alterations made by the lessee should become the property of the lessor at the termination of the lease. Repairs and alterations amounting to $32,536.47 were contracted for and made in 1920, and this amount was deducted from gross income in making up the tax returns for the year 1920. The Commissioner of Internal Revenue held that the alterations

and repairs sought to be deducted were to be classed as capital investment, to be amortized over the term of the lease, and disallowed the deduction, except as to 10 per cent., which was allowed for the year 1920. Additional taxes were assessed and paid under protest.

Plaintiff asked for a refund, but no action was taken by the Treasury Department for more than six months, and this suit was then filed to recover $13,710.83, the amount of the additional assessment for the year 1920. After the suit was entered, the Supreme Court decided the case of Duffy, Collector, v. Central Railroad, 268 U. S. 55, 45 S. Ct. 429, 69 L. Ed. 846, in which it was held in substance that the cost of improvements and additions to leased property is not deductible in toto from gross income of the tax year in which made, but is capital investment, subject to annual allowances for depreciation. Thereafter plaintiff filed an amendment to the petition, eliminating those items considered additions and improvements, and claimed a deduction based only upon the amount it conceived to have been expended for repairs proper, and therefore expenses of doing business, as distinguished from capital expenditures. Plaintiff in error, hereafter called defendant, demurred to the amendment. This was overruled, and the case went to trial, resulting in a verdict for plaintiff in the amount of $4,198.64, principal, and $529.94, interest, upon which judgment was entered, and to reverse which this writ of error is brought.

Error is assigned to the overruling of the demurrer to the amendment to the petition, to the refusal to direct a verdict in favor of defendant, to a portion of the charge given, and to the refusal of a special charge asked by defendant.

The items of repairs claimed to be deductible from the gross income for the taxable year of 1920 were these: Repairs to floors, $3,266.75; repairs to plastering, $156.35; repairs to fire wall, $23.70; miscellaneous repairs to ceiling, freight elevator, balcony, etc., $1,707.85; wire grilles, $125.00; repairs to plumbing, $205.07; replacing broken glass, $168.53; repairs to electric wiring, $111.22; moving safe to building, $25; painting, $2,813.50; repairs to roof, $32; repairs to sheet metal, $83.08; liability insurance, $171.11; 10 per cent. fee of contractor, $888.91—total $9,778.07. In addition to the work above indicated, the old front of the store was torn out, and a new front, with plate glass windows, was put in, and other additions were made.

In rendering its verdict the jury eliminated two of the items, to wit, that paid for liability insurance and for moving a safe, and based its findings upon a deduction of the other items.

But two questions are presented for decision: First, were the items considered by the jury as deductible ordinary and necessary expenses paid or incurred during the taxable year in carrying on plaintiff's business, as provided for by the Revenue Act of 1918, § 234 (Comp. St. § 6336⅛pp); and, second, if so, could they be deducted on the returns for the year 1920? These questions are raised by the motion to direct a verdict in favor of defendant and by the special charge requested, which amounts to the same thing. [1] The material facts are these: Plaintiff in error contracted for the necessary repairs and alterations of the building on a basis of cost plus 10 per cent. to the contractor, and work was started in October, 1920. It was entirely completed by December 31st of that year, and was paid for as it progressed, except one pay roll, presumably the last, for which the contractor was reimbursed early in January, 1921. It is not shown how much this pay roll amounted to.

The testimony regarding the repairs to the floor, the largest item shown on the account, is that it was old, was scored in places, and had been made very rough and ugly by the previous use to which the building had been put. In correcting this plaintiff had a new surface laid upon the old floor, and the testimony shows that this was the only practical way of repairing it. With regard to the next largest item, painting, the testimony shows that the walls, both inside and out, had become broken in places and were discolored, and that it was necessary to patch the plastering and to repaint them. There could hardly be any dispute as to the other items shown in the account.

In a clear and well-considered charge the court left it to the jury to say whether these expenditures were necessary to merely repair the building, as distinguished from alterations or additions, or whether they were improvements, and charged the jury that, if they constituted improvements, they could not be allowed as annual expenses. We think this question was properly left to the jury, and on the facts in the record it is difficult to see how the jury could have decided otherwise than it did.

On the second question, it is the contention of defendant that the expenditures were not necessary to conduct the business during the year 1920, and were not paid for during

that year. In view of the fact that the Commissioner of Internal Revenue had allowed a deduction of 10 per cent as depreciation for the year 1920 on the whole amount expended, that question would seem to have been officially decided in favor of plaintiff by the Treasury Department. However, there can be no doubt that all the expenses were incurred during the year 1920, and it is reasonably certain from the record that they were all paid for during that year, except the last pay roll. It may well be inferred that the actual laborers had been paid within the year 1920, as the work was then completed, and the contractor could be considered as acting as the agent of plaintiff in making this payment. That he was reimbursed later would not seem to make any practical difference regarding its allowance.
[2, 3] Further, the tax returns of plaintiff were filed in evidence in the District Court, but are not brought up in the record. Plaintiff states that these returns were made upon the accrual basis. This is not denied, and in the absence of evidence to controvert we must assume that it is so. In that event, it is immaterial whether the repairs were actually paid for in 1920 or not.
[4] With regard to the other errors assigned, it is clear that the amendment to the petition was properly allowed, and the charge given fully covered the law of the case. We find no error in the record.

Affirmed.