J. BENTLEY SQUIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12078.   Promulgated October 25, 1928.

*Meyer Bernstein, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, and *G. S. Herr, Esq.*, for the respondent.

OPINION.

MILLIKEN: Petitioner made extensive alterations, renovations and repairs in 1921 to the building which he purchased, the total of the expenditures for the purposes aforesaid being $71,693.27. A part of the sum so expended is claimed by petitioner as a deduction for ordinary and necessary business expenses in the year. Numerous bills for work done and paid for were received in evidence and an attempt made to allocate the money expended on a percentage of the building used for business purposes and that used as a residence. It is not possible to lay down a hard and fast rule for the deter-

mination of whether an expenditure is a capital one or is chargeable against the operating income of the year. We have heretofore had occasion to consider the difference between repairs, betterments, replacements, and alterations to make property adaptable to a different use, and in the case of *Illinois Merchants Trust Co., Executor*, 4 B. T. A. 103, we stated:

> * * * In determining whether an expenditure is a capital one or is chargeable against operating income, it is necessary to bear in mind the purpose for which the expenditure was made. To repair is to restore to a sound state or to mend, while a replacement connotes a substitution. A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life. It merely keeps the property in an operating condition over its probable useful life for the uses for which it was acquired. Expenditures for that purpose are distinguishable from those for replacements, alterations, improvements or additions which prolong the life of the property, increase its value, or make it adaptable to a different use. The one is a maintenance charge, while the others are additions to capital investment which should not be applied against current earnings. We have already pointed out this distinction in the *Appeal of Simmons & Hammond Manufacturing Co.*, 1 B. T. A. 803, in which we held that expenses properly chargeable to capital account include those which are incurred in the original construction of the work and in the subsequent enlargement and improvement thereof, and quoted the following from *Union Pacific R. R. Co. v. United States*, 99 U. S. 402, page 420:

> " Theoretically, the expenses chargeable to earnings include the general expenses of keeping up the organization of the company, and all expenses incurred in operating the works and keeping them in good condition and repair; whilst expenses chargeable to capital include those which are incurred in the original construction of the works, and in the subsequent enlargement and improvement thereof."

We have set forth in our findings of fact the extent to which we believe the evidence warrants a deduction for expenditures made in the year in question as an ordinary and necessary business expense. There should, therefore, be allowed as a deduction to petitioner, for the year 1921, the sum of $5,411.84.

In brief of counsel for petitioner, we are asked to find that petitioner is entitled to a deduction of depreciation for a given sum on capital assets used in the petitioner's trade or business. The petition filed in this case raises no issue concerning depreciation and we therefore make no finding with respect thereto.

The expenses incurred and paid in attending medical associations, as well as others relating to trips for consultation work, should be allowed as deductions. See *Cecil M. Jack*, 13 B. T. A. 726.

*Judgment will be entered under Rule 50.*