SANFORD COTTON MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12813. Promulgated January 11, 1929.

*John E. Hughes, Esq.,* and *William Cogger, Esq.,* for the petitioner.

*Shelby S. Faulkner, Esq.,* and *C. R. Marshall, Esq.,* for the respondent.

1212

OPINION.

TRAMMELL: On the question of the payment on account of exhaustion, wear and tear of the machinery and buildings there is no con-

troversy over any factor except the rate of depreciation. This is a question of fact and we have arrived at our findings of fact from all the testimony in the case.

On the question of the expenditures which the petitioner contends were for repairs, it is also a question of fact as to whether they were in fact repairs or whether they were for replacements, additions or improvements. On this question the testimony is convincing that what was done was in the nature of repairs and we have so held.

On the question as to whether the petitioner is entitled to assessment under section 328 of the Revenue Act of 1918, a more difficult problem is presented. The petitioner contends that there were abnormal conditions affecting its capital on account of the fact that it had a secret process and a trade-mark or trade brand which it had built up and developed in its business. It claims that expenditures in building up this trade-mark or trade brand and developing the secret process can not be allocated in order to determine what part represents capital and what part represents ordinary and necessary expense. The difficulty here on this question is that we have no definite evidence that any amounts were expended by the petitioner in developing either the trade-mark or trade brand or the secret process. With respect to the trade-mark, it appears that the agency which handled the product of the petitioner was required to do the advertising and there is no evidence of any expenditures on the part of the petitioner with respect thereto and the evidence is equally lacking on the question of the development of the secret process. This being true, the petitioner clearly does not come within the provisions of section 327 (a) of the Revenue Act of 1918.

On the question as to whether the petitioner comes within the provisions of section 327 (d) that is, whether there were abnormalities affecting the capital, we are of the opinion that the evidence does not warrant us in finding that there were such abnormalities which resulted in an undue hardship upon the petitioner as compared with corporations similarly circumstanced with respect to capital, income, and profits per unit of business or in other respects as set out in the statute.

While the evidence shows that a trade-mark or trade brand and the secret process were not included in invested capital and could not be included therein, and while there is evidence which might tend to show that these things had value, we can not determine from the evidence even the approximate value thereof and as a consequence we can not determine whether the exclusion thereof from invested capital constituted an abnormality. Clearly every exclusion from invested capital of assets does not constitute an abnormality, as contemplated in the statute. The effect of such exclusion upon invested

capital must be shown. The capital excluded must in any event be substantial in amount.

The petitioner argues in his brief that the capitalization of earnings would indicate that these items excluded were of substantial value, but on this point we are not furnished with the earnings for prior years or the amount of tangible assets, nor are we furnished with other evidence from which a valuation of this property might be arrived at.

In view of the foregoing, it is our opinion that the petitioner has not established its right to assessment under the provisions of section 328 of the Revenue Act of 1918.

*Judgment will be entered under Rule 50.*