HOTEL SULGRAVE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41449. Promulgated January 29, 1954.

*Paul V. Wolfe, Esq.*, for the petitioner.
*George E. Grimball, Jr., Esq.*, for the respondent.

620

OPINION.

RAUM, *Judge:* The petitioner contends that the installation of the sprinkler system was a repair which was made for the purpose of keeping the hotel property in ordinarily efficient operating condition and which did not add to the value of the property or prolong its life; and that the expenditure made therefor is an ordinary and necessary business expense deductible in the year ended June 30, 1950.

We do not agree that the installation of the sprinkler system constituted a repair made "for the purpose of keeping the property in an ordinarily efficient operating condition." Cf. *Illinois Merchants Trust Co.*, 4 B. T. A. 103, 106, cited by petitioner. It was a permanent addition to the property ordered by the city of New York to give the property additional protection from the hazard of fire. It was an improvement or betterment having a life extending beyond the year in which it was made and which depreciates over a period of years. While it may not have increased the value of the hotel property or prolonged its useful life, the property became more valuable for use in the petitioner's business by reason of compliance with the city's order. The respondent did not err in determining that the cost of this improvement or betterment should be added to petitioner's capital investment in the building, and recovered through depreciation deductions in the years of its useful life. *International Building Co.*, 21 B. T. A. 617, 621, and cases cited therein; *Difco Laboratories, Inc.*, 10 T. C. 660, 669.

The petitioner contends, in the alternative, that $3,938.46 of the $6,400 which it paid for the installation of the sprinkler system constituted an extraordinary expense and is deductible as an ordinary and necessary business expense in any event. Its position in the main is based upon the fact that the cost of the sprinkler system was considerably in excess of what it would have been had it been installed during the construction of a new building. However, that fact cannot convert a capital item or any portion of it into a current expense. In the course of events there may be many circumstances that require an increased capital outlay. In the construction of a building, for example, a variety of factors may increase the normal expected cost, such as changes in plans, workmen's mistakes, errors in design or plan,

overtime pay in order to meet a deadline, and the like. Cf. *Driscoll* v. *Commissioner*, 147 F. 2d 493 (C. A. 5). Yet all such increases, whatever be the reason, are in general merely increases in the *cost* of the capital asset, and enter into the total cost which is to be depreciated over the life of the asset; they are not in the nature of current expenses.

This case is unlike *Rankin* v. *Commissioner*, 60 F. 2d 76 (C. A. 6), and *Frank & Seder Co.* v. *Commissioner*, 44 F. 2d 147 (C. A. 3), relied upon by petitioner. The *Rankin* case involved a unique situation in which the taxpayer paid a disproportionate amount of wages to a mechanic as "idle" time while waiting for parts to install a printing press. It is unlike the ordinary case of overtime pay incurred in acquiring a capital asset, and, regardless of the soundness of the *Rankin* decision, it is in any event inapplicable here. Although there was some general testimony by petitioner's president as to overtime, there was no proof of any particular amount of overtime, and there is no indication of any charges for overtime in the contractor's bills, which are in evidence. In the *Frank & Seder Co.* case amounts were paid for expediting completion of a building, and since the completion of the building was necessary in order to carry on business during that very year it was held that such amounts were a direct charge against income earned during that year. But cf. *W. P. Brown & Sons Lumber Co.*, 26 B. T. A. 1192, appeal dismissed, 68 F. 2d 1022 (C. A. 6). No such circumstances are presented here. Whatever additional costs may have been incurred here were not a charge against current earnings. Such costs are allocable to the life of the capital asset, and are recoverable through depreciation. The evidence introduced at the trial, that the cost of installing the sprinkler system in petitioner's old building substantially exceeded the cost of a similar installation in a new building under construction, does not prove that any part of the cost of installation in the old building was an expense rather than a capital outlay. It represented the amount which petitioner might reasonably have expected to pay for such an installation under normal conditions for a building such as it owned. Petitioner has not established that any part of the $6,400 payment is deductible as an ordinary and necessary business expense in the year ended June 30, 1950.

*Decision will be entered for the respondent.*