Trenton-New Brunswick Theatres Company v. Commissioner.
Trenton-New Brunswick Theatres Co. v. Commissioner
Docket No. 43599.
United States Tax Court
T.C. Memo 1954-69; 1954 Tax Ct. Memo LEXIS 176; 13 T.C.M. (CCH) 550; T.C.M. (RIA) 54175; June 18, 1954, Filed *176 The cost of constructing a new fire passageway in a theatre leased and operated by petitioner, held to constitute a capital outlay and not an ordinary and necessary business expense. Hotel Sulgrave, Inc., 21 T.C. 619 (Jan. 29, 1954) followed. Harry Levine, Esq., 30 Rockefoller Plaza, New YorkN. Y., for the petitioner. Charles M. Greenspan, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax for the year 1947 in the amount of $10,838.94. The petitioner concedes that certain adjustments are correct. The sole issue is whether petitioner is entitled to deduct as an ordinary and necessary business expense the sum of $16,519.64, the cost of constructing a fireproof passageway in *177 a theatre. In the alternative, petitioner claims that it is entitled to a deduction for a loss under section 23(f) in the same amount. Findings of Fact The petitioner filed its return for 1947 with the collector for the third district of New York. The petitioner, a corporation, organized under the laws of New Jersey in 1922, is engaged in the business of operating theatres where motion pictures plus vaudeville are presented to the public. One of the theatres operated by petitioner in 1947 is the Capitol Theatre in Trenton, New Jersey. Petitioner has leased the premises since 1922 under two successive leases the first of which expired in 1943. The present lease will end in 1961. Petitioner is required under the lease to make any structural alterations, changes or repairs which are required by any governmental authority at its own expense if the cost thereof is less than a stipulated amount. In 1947 petitioner was required by order of the Building Inspector of the Building Inspection Department of the city of Trenton to construct a fire passageway inside the theatre building to an exit into an open court or street. The fire passageway cost petitioner $16,519.64 which amount was *178 within the amount stipulated in the lease as an expense to be borne by the lessee. The new passageway had a useful life in excess of one year. The theatre building was constructed in 1932. It replaced a theatre building having the same name which was destroyed by fire on May 2, 1931. The new building was found "to be satisfactory in so far as it concerned the building code regulations" by the Building Inspector of the city of Trenton. In 1947, the new building was 15 years old. In 1947, when the Building Inspector of the city of Trenton advised petitioner that a fire passageway would have to be constructed in the theatre, leading from the fire escape on the balcony to an open court or street, he stated that the passageway was to correct a "very dangerous condition existing in this building in so far as fire escapes and emergency exits were concerned." The Building Inspector classified the condition as a "violation" of regulations relating to fire exits and he advised petitioner that unless the condition was corrected he would start court action. The condemned condition was the lack of a direct exit to an open court or street for patrons of the balcony. To overcome the defective *179 condition, it was necessary for petitioner to build inside the theatre an entirely new, completely enclosed concrete fire passageway running along the stage end of the theatre to the south side of the building. The construction of the passageway reduced the overall depth of the stage from 31 feet to 25 feet in certain areas and to 22 feet in other areas. Also, a door through which stage scenery and properties were brought onto the stage was eliminated, and stage floor dressing rooms were eliminated also. The fire passageway was constructed because the Building Inspection Department of the city of Trenton ordered it and had effective means of enforcing its orders. If petitioner had not constructed the passageway the Capitol Theatre might have been closed in 1947. The construction of the fire passageway contributed to and increased the safety of the Capitol Theatre. In arriving at the deficiency the respondent capitalized the cost of the passageway and allowed corresponding depreciation. He held that the expenditure was not an ordinary and necessary expense. Petitioner did not sustain a loss in 1947 in the amount of $16,519.64. The facts which have been stipulated which are *180 not set forth above are incorporated herein by this reference. Opinion HARRON, Judge: The petitioner first contends that the cost of the construction and installation of the fireproof fire passageway was a charge against income for 1947 because unless the expenditure had been made the Capitol Theatre would have had to close in that year, and also, that the expenditure was made for the purpose of keeping the theatre property in good and ordinarily efficient operating condition. It contends further that the new passageway decreased the value of the theatre and the possibilities for its profitable operation rather than improving and bettering the theatre. We do not agree with the petitioner. The fire passageway represented a permanent addition to the theatre property to give it an additional safety facility for the safe exit of its patrons from the balcony to an open area or a street. It was ordered by the city of Trenton. It was an improvement or betterment having a useful life of more than the year in which is was constructed and which depreciates over a period of years. The petitioner asserts that the construction of the passageway brought about a reduction in the area of *181 the stage and other changes which reduced the usefulness of the theatre and, therefore, the rental value of the leasehold was reduced. Assuming arguendo that there is some validity to the contention, it is a fact, nevertheless, that the construction of the passageway was necessary for the continued operation of the theatre and increased and improved its safety. Undoubtedly a benefit to the property was derived which must be recognized as off-setting in some degree the alleged disadvantages. Furthermore, the property is deemed to have been made more valuable by virtue of compliance with the city's order. The cost of the passageway may be recovered by way of depreciation deductions over the expected life of the structure or over the remaining term of the lease, whichever is the lesser. Journal Tribune Publishing Co. . It is held that the cost was a capital expenditure and deduction thereof was properly disallowed. (Jan. 29, 1954); ; ; ; ; *182 . Petitioner relies upon , affd. 117 [177] Fed. (2d) 200; and . We find those authorities distinguishable on their facts. We reject the contention that the construction of the passageway was in the nature of a repair made "for the purpose of keeping the property in an ordinarily efficient operating condition." Cf. . The expenditure in question resulted in the acquisition of a capital asset. In the alternative petitioner contends that the expenditure of $16,519.64 should be allowed as a loss under section 23(f) of the Code. This contention is without merit and is rejected. We are unable to find upon the evidence that a loss of $16,519.64 was sustained in 1947. Decision will be entered for the respondent.