Bee Holding Co. v. Commissioner.
Bee Holding Co. v. Commissioner
Docket Nos. 62191, 71001.
United States Tax Court
T.C. Memo 1958-195; 1958 Tax Ct. Memo LEXIS 30; 17 T.C.M. (CCH) 963; T.C.M. (RIA) 58195; November 24, 1958
*30 Held, expenditures by a building owner for converting three storerooms in the building into one were capital expenditures within section 24(a)(2), Internal Revenue Code of 1939 and section 263(a)(1), Internal Revenue Code of 1954, and hence not deductible in computing petitioner's taxable income. Saul A. Cohn, C.P.A., 11 Commerce Street, Newark, N.J., for the petitioner. Arthur Pelikow, Esq., for the respondent. MULRONEY *31 Memorandum Opinion MULRONEY, Judge: Respondent determined deficiencies in income tax against the petitioner in these consolidated cases for the fiscal years ended May 31, 1954 and 1955 in the amounts of $2,830.71 and $2,370.65, respectively. The only question presented is whether certain costs incurred by petitioner in enlarging a storeroom in its building constitute nondeductible capital improvements. All of the facts were stipulated and are found accordingly. Petitioner is a New Jersey corporation and engaged in the real estate business and it filed its income tax returns for the fiscal years ended May 31, 1954 and May 31, 1955 with the district director of internal revenue at Newark, New Jersey. During the years 1945, 1946 and 1947 petitioner remodeled its building at 651 Central Avenue, East Orange, New Jersey and constructed five separate stores therein, four of which it rented to four separate tenants upon written leases, and the fifth store was rented to Schulz & Behrle, Inc. on a verbal lease without any fixed term. Schulz & Behrle, Inc. operated a furniture store in the rented premises. Frank J. Behrle is president and the owner of more than one-half of *32 the stock in petitioner and in Schulz & Behrle, Inc. In 1954 two of the stores rented upon written lease became vacant and remained vacant for about five months. One of the vacancies was next to the Schulz & Behrle, Inc. store. The latter company agreed to extend its occupancy and to that end the other store next to Schulz & Behrle, Inc. was moved to the other vacant store so that Schulz & Behrle, Inc. could extend its occupancy to the two stores adjoining it. Paragraphs 7, 8, and 9 of the stipulation are as follows: 7. The nature of the work to effect these removals and the cost expended therefor were as follows: Enlarging the showroom used by Schulz & Behrle, Inc., by breaking down walls, replacement of lighting and heating units, new plumbing, new sidewalk, and construction of an additional rear entrance. Also a portion of the below designated costs apply to the vacant store to which the other tenant removed: Fiscal Year Ended May 31, 1954 $9,631.09 Fiscal Year Ended May 31, 1955 3,678.31 8. That for the fiscal year ended May 31, 1954 the costs of $9,631.09 were incurred as of December 1, 1953 and for the fiscal year ended May 31, 1955 the costs of $3,678.31 were incurred *33 as of December 1, 1954. 9. The respondent has capitalized all of the aforementioned expenses over the remaining life of the building, namely 32 and 31 years, respectively, while the petitioner deducted the same during its fiscal years involved herein. The question argued on brief is whether the expenditures for enlarging the store occupied by Schulz & Behrle, Inc. to take in two adjoining storerooms were a nonductible expense or capital improvement. Section 263(a)(1), Internal Revenue Code of 1954, provides that in computing taxable income no deduction shall be allowed for "Any amount paid out for * * * permanent improvements or betterments made to increase the value of any property or estate. * * *". Section 24(a)(2), Internal Revenue Code of 1939, contains the same prohibition. Respondent argues the costs incurred by petitioner during the taxable years represent expenditures for nondeductible capital improvements under the above statutes, citing Illinois Merchants Trust Co., Executor, 4 B.T.A. 103; Popular Dry Goods Co., 6 B.T.A. 78; and Blanche Burbank, 3 B.T.A. 1118. Petitioner argues the expenditure for converting *34 three storerooms into one, in order to fill its vacancies, is deductible. Petitioner's brief cites no statutes or opinions as authority for its contention but petitioner argues the changes did not increase the value of the property within the cited statutes prohibiting capital expenditures as deductions. Respondent's regulation under section 263(a)(1), Internal Revenue Code of 1954, is, in part, as follows: " § 1.263(a)-1. Capital expenditures; in general. - (a) Except as otherwise provided in chapter 1 of the Internal Revenue Code of 1954, no deduction shall be allowed for - "(1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate, or "(2) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made in the form of a deduction for depreciation, amortization, or depletion. "(b) In general, the amounts referred to in paragraph (a) of this section include amounts paid or incurred (1) to add to the value, or substantially prolong the useful life, of property owned by the taxpayer, such as plant or equipment, *35 or (2) to adapt property to a new or different use. * * *" An improvement or betterment having a life extending beyond the year in which it is made may not increase the value of the building or prolong its useful life but it is not rendered a noncapital improvement by reason of such facts. Hotel Sulgrave, Inc., 21 T.C. 619. The improvement is within the cited statutes and regulation if it adapts the property to a different use. Difco Laboratories, Inc., 10 T.C. 660. In the last cited case it was held lowering the basement of one basement room to the level of another basement room to facilitate the wheeling of trucks from one room to the other was "to make the basement adaptable to a different use." It is clear the expenditure made for the purpose of converting three storerooms into one is an expenditure made to adapt property to a different use. Popular Dry Goods Co., supra; Blanche Burbank, supra.
Respondent determined the capital expenditures could be depreciated, based upon the estimated life of the building. Upon brief petitioner argues for a shorter period of allowable depreciation. No such issue was raised by the petition *36 so the issue is not properly before us. J. Bentley Squier, 13 B.T.A. 1223; Patten Fine Papers, Inc., 27 T.C. 772. Decisions will be entered under Rule 50.