Jack I. JAFFA and Ellen C. Jaffa, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 35864.

United States District Court
N. D. Ohio, E. D.

Sept. 29, 1961.

---

Bennet Kleinman, Cleveland, Ohio, for plaintiffs.

Russell E. Ake, U. S. Atty., Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

In this action the plaintiffs sued for a refund of income taxes in the amount of $2,276.28, assessed and paid for the year 1952. The assessment of taxes resulted from the disallowance by the Commissioner of Internal Revenue of a deduction claimed for repairs in the amount of $5,613.72. The Commissioner. decided that of said amount claimed deductible for repairs, the amount of $5,447.22 was in fact a capital expenditure subject to depreciation and not deductible in full in the year in which made.

The taxpayers, Jack I. Jaffa and Ellen C. Jaffa, husband and wife, purchased property in 1940 consisting of a plot of land approximately 100′ x 290′ and a two-story frame building thereon which originally had been a single farm home and which had been remodeled to a two-family dwelling prior to the time plaintiffs acquired it. In 1947, the plaintiffs remodeled the property and the cost of such remodeling was depreciated as a capital expenditure for income tax purposes.

In 1951, the plaintiff Jack I. Jaffa, a doctor of medicine, and Dr. E. M. Brickman discussed entering into a partnership to establish a clinic in the plaintiffs' building. These discussions proceeded to the point of procuring architectural plans for the revision of the building suitable for clinic purposes. Tr. 15. The proposed remodeling of the building was abandoned and the partnership was never consummated.

In 1952, Dr. Jack I. Jaffa purchased the material for, and engaged the services of Albert Brese and Robert Carrick, and others, to perform the work upon the building as shown in Exhibits 1 through 27.

After a careful study of the exhibits and a consideration of the testimony of Dr. Jaffa in the light of the testimony of Albert Brese and Robert Carrick, there can be no doubt that the materials furnished and the work performed were replacements, alterations and improvements which prolonged the life of the property and increased its value, even though individually they might have been deductible as repairs under different circumstances. In support of this finding of fact is the admission by Dr. Jaffa that the improvements increased the value of the property between $2,000 and $3,000; and certainly the addition of accoustical ceilings, the paneling of walls, the laying of new floors and the application of tile were not expenditures for the purpose of keeping the property in an ordinarily efficient operating condition. This fact is made more clear by the testimony of Brese and Carrick that the premises were not in disrepair at the time they began their work, which testimony is in direct contradiction to the testimony of Dr. Jaffa on that subject; and, further, Brese and Carrick testified that in their talks with Dr. Jaffa preliminary to doing the work it was referred to as a remodeling job. Dr. Jaffa's testimony that

the "repairs" were not a part of a design or plan of alteration and improvement, and that they were conceived and put into execution at times unrelated one with another, is not borne out by plaintiffs' Exhibits 1 through 27 and defendant's Exhibits A through F and is contradicted by the testimony of Brese and Carrick.

The parties have conceded that there is but one question presented and that is whether the expenditures made by the plaintiffs for materials and labor were for repairs and maintenance, and thus currently deductible, or capital expenditures depreciable over the useful life of the work performed.

Counsel agree that the statutes involved are as follows:

"Internal Revenue Code of 1939:

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) (as amended by Sec. 121, Revenue Act of 1942, c. 619, 56 Stat. 798) *Expenses.*

"(1) *Trade or business expenses.*

"(A) *In general.* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. * *

* * * * * *

"(26 U.S.C.1952 ed., Sec. 23.)

"§ 24. Items not deductible.

"(a) (as amended by Sec. 309(c), Revenue Act of 1951, c. 521, 65 Stat. 452) *General rule.* In computing net income no deduction shall in any case be allowed in respect of—

* * * * * *

"(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate, except expenditures for the development of mines or deposits deductible under section 23(cc);

"(3) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made;

* * * * * *

(26 U.S.C.1952 ed., Sec. 24.)"

Counsel for the plaintiffs say that the "cases on the subject are legion and furnish very little assistance in determination of the factual question, except by way of definition." In the case of Stoeltzing et al. v. Commissioner of Internal Revenue, 3 Cir., 266 F.2d 374, 376, the Court said:

"The line of demarcation between deductible repairs and additions to capital is, of course, obscure."

Plaintiffs rely upon the definition found in J. Bentley Squier v. Commissioner of Internal Revenue, 13 B.T.A. 1223, and the decisions reported in the following cases: Rose v. Haverty Furniture Co., 5 Cir., 15 F.2d 345; Sanford Cotton Mills, 14 B.T.A. 1210; and Chesapeake Corp. of Virginia, 17 T.C. 668. However, it is my decision that these cases do not aid the taxpayers here because the plaintiffs are in error as to the facts and inferences set forth on page 5 of plaintiffs' brief. Contrary to assertions by plaintiffs' counsel on page 5 of plaintiffs' brief, it is my opinion that the expenditures did prolong the life of the building and did increase the value of the building, and that they were in the nature of alterations and improvements. It is my further opinion and decision that prior to the expenditures the premises were not in a poor state of repair.

The cases relied upon by the defendant and the definitions found therein and in the case of Bloomfield Steamship Co. v.

Commissioner of Internal Revenue, 33 T.C. 75, 84, present no conflict in definitions, or otherwise, to the cases relied upon by plaintiffs.

This action was timely brought and the Court has jurisdiction.

The decision in this case rests upon the determination of a fact, which I have resolved against the plaintiffs and in favor of the defendant; consequently, judgment will be rendered in favor of the defendant.

This memorandum is adopted as findings of fact and conclusions of law under the provisions of Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.