Ralph S. Clark and Kate E. Clark v. Commissioner.
Clark v. Commissioner
Docket No. 5748-64.
United States Tax Court
T.C. Memo 1966-22; 1966 Tax Ct. Memo LEXIS 258; 25 T.C.M. (CCH) 118; T.C.M. (RIA) 66022; January 27, 1966
Ralph S. Clark, pro se, 47 Visk Park B, Rochester, N. Y. Paul H. Frankel, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioners' income tax for the years 1961 and 1962 in the amounts of $507.71 and $254.23, respectively. The deficiencies were based upon the disallowance in each of the two years of claimed depreciation on business property and the major portion of claimed repairs and casualty losses resulting from vandalism. Findings of Fact Petitioners are husband and wife residing in Rochester, New York. Their joint Federal income tax returns *259 for the taxable years 1961 and 1962 were timely filed with the district director of internal revenue, Buffalo, New York. During the taxable years in question petitioner Ralph S. Clark carried on an unincorporated business, manufacturing emergency exit door locks under the name and style of Hugh Elmer Clark & Bros. at 7 Halstead Street, Rochester, New York. During these years petitioners owned a brick building which was used in this business. [1]
During 1961 and 1962 petitioners claimed the following deductions with respect to the building: Deduction
disallowed by
respondent as
Deduction
Total
representing
allowed as
deduction
petitioner's
representing
Year
Nature of deduction
claimed
own labor
materials
1961
92 glass panes broken by vandals
$ 552.00
$ 514.78
$37.22 *
Snow removal
175.50
175.50
None
Repairs
1,685.00
1,681.25
3.75
1962
5 glass panes broken by vandals
30.00
30.00
None **
Snow removal
150.00
150.00
None
Repairs
675.00
671.25
3.75
*260 Petitioners did not deduct any part of the cost of replaced glass in prior years. For 1961 and 1962, petitioners claimed on Schedule C the amounts of $525 and $510, respectively, representing depreciation on the brick factory. Respondent disallowed such deductions. The building was acquired by petitioners in 1912, and petitioners' total investment therein was $20,000. The building was fully depreciated prior to the taxable years involved herein. Of the depreciation claimed, $125 in 1961 and $110 in 1962 were deductible expenditures inadvertently capitalized by petitioners. During the taxable years in question, petitioners [2] owned rental property consisting of a frame two-apartment house and garage. The property was acquired by petitioners prior to 1935 and no capital improvements were made with respect to the property since 1935. For each of the years 1961 and 1962, petitioners claimed and respondent disallowed depreciation on such rental property in the amount of $325. The building and improvements were fully depreciated prior to the taxable years involved herein. *261 For 1961 and 1962, petitioners claimed $630.83 and $1,525.55, respectively, as deductions for repairs and other expenses pertaining to such rental property. With the exception of $71.65 in 1961 and $284.05 in 1962 attributable to materials, the amounts claimed were attributable to petitioner Ralph S. Clark's own labor and were disallowed by respondent. Opinion The bulk of petitioners' claimed deductions represents the value of Ralph's labor. Petitioners have not disputed the value placed on this labor by respondent. They contend, however, that such value should be allowed as a deduction. Whatever may be the philosophical merits of taking into account the value of one's own services when such services are in lieu of paid labor, such services are not considered an element of the deduction under our system of income taxation, just as the flow of satisfactions from services arising from one's exertions in his own behalf is not includable in his gross income. Surrey and Warren, Cases on Federal Income Taxation, p. 127 (1960); cf. Frank Markarian, 42 T.C. 640 (1964), affd. 352 F. 2d 870 (C.A. 7, 1966); Palmer Hutcheson, 17 T.C. 14 (1951). *262 Petitioners argue that in preparing their return they relied on the instructions issued by respondent for preparation of tax returns and on respondent's "Tax Guide for Small Business" applicable to the taxable years in issue, which stated: "The cost of repairs, including labor * * * is a deductible expense." However, petitioners' interpretation of the language used in such pamphlets does not bind the respondent and does not preclude his construction of the Code contrary to petitioners' position. Adler v. Commissioner, 330 F. 2d 91 (C.A. 9, 1964), affirming a Memorandum Opinion of this Court. With respect to the casualty loss, it should be noted that the limit of a deduction for any such loss is the adjusted basis of the property. Section 1.165-1(c), Income Tax Regs. In view of our finding that the property in question was fully depreciated prior to the taxable years involved herein, any deduction for a casualty loss is precluded. Nevertheless, the fact is that panes of glass on business property had to be replaced. The out-of-pocket cost of the panes constitutes a legitimate business expense within the meaning of section 162. Rose v. Haverty Furniture Co., 15 F. 2d 345 *263 (C.A. 5, 1926). Accordingly, we hold that for 1961 petitioners should have been allowed a deduction for $69 instead of $37.22 and for 1962 a deduction of $4 for such cost. The remaining issue involves depreciation deductions. We have found that the properties involved were fully depreciated prior to the taxable years in question, with the result that no depreciation is allowable in the years in issue. However, we have also found that to the extent of $125 for 1961 and $110 for 1962 the amounts claimed by petitioners as depreciation in fact represented noncapital deductible expenditures. To this extent the deductions are allowable as business expenses. In order to reflect the foregoing, Decision will be entered under Rule 50. Footnotes
1. It is not clear from the record whether this building was owned by Ralph S. Clark singly or in some form of joint ownership by both petitioners. Resolution of the precise nature of the ownership is not material to our decision.↩
*. Cost of the replaced glass was $69. ↩
**. Cost of the replaced glass was $4.↩
2. It is likewise not clear from the record whether this property was owned by Ralph S. Clark singly or in some form of joint ownership by both petitioners. Resolution of the precise nature of the ownership is not material to our decision.↩