FREDERICK G. SUBT AND CLAIRE G. SUBT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Subt v. Commissioner
Docket No. 27055-89
United States Tax Court
T.C. Memo 1991-429; 1991 Tax Ct. Memo LEXIS 478; 62 T.C.M. (CCH) 642; T.C.M. (RIA) 91429; September 3, 1991, Filed *478 Decision will be entered for the respondent. Frederick G. and Claire G. Subt, pro se. Steven B. Bass, for the respondent. COUVILLION, Special Trial Judge. COUVILLION
MEMORANDUM OPINION This case was heard pursuant to section 7443A(b)(3) [1] and Rule 180 et seq. Respondent determined a deficiency in petitioners' Federal income tax for 1986 in the amount of $ 1,598. The issues for decision are (1) whether petitioners are entitled to a deduction for automobile expenses in excess of amounts claimed on their income tax return; (2) whether petitioners, in connection with a rental real estate activity, are entitled to depreciation deductions for improvements to the rental property and appliances in excess of amounts allowed by respondent under section 168(a) and (b); and (3) whether amounts paid by petitioners with respect to renovation *479 of residential rental property may be deducted as repairs or must be capitalized and recovered under section 168(b)(2), or, alternatively, whether petitioners may elect to expense such amounts under section 179. At trial, petitioners conceded a $ 1,500 depreciation deduction taken with respect to an automobile used in their rental business which was disallowed by respondent on the ground that the vehicle had been fully depreciated prior to 1986. Additionally, respondent determined adjustments for mathematical errors in the amount of $ 1,302 on petitioners' 1986 return which are not contested. Some of the facts were stipulated and are so found. Petitioners resided at Austin, Texas, when they filed their petition. Respondent's determinations in the notice of deficiency are presumed correct, and petitioners bear the burden of showing such determinations to be incorrect. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). On Schedule A of their 1986 Federal income tax return, petitioners claimed deductions of one-half of $ 2,471.97, $ 602.24, and $ 423, respectively, for automobile repairs and maintenance, diesel fuel, and insurance in connection with their *480 use of an automobile in their rental property business. These amounts were allowed by respondent. At trial, petitioners argued that they should be allowed additional deductions for auto expenses based upon 80 percent business use of the automobile, rather than 50 percent business usage, stating that the 50 percent calculation on the return had been only an estimate. In support of their claim of 80 percent business use, petitioners presented no documentary evidence but testified that they had made a more accurate estimate of the business usage based upon a survey of receipts for items purchased for which the automobile was used. Petitioners further testified that they arrived at the new estimated percentage of business usage by subtracting the estimated mileage attributable to a personal trip to Arizona (approximately 3,000 miles) from the estimated total mileage of 14,006 for the auto for the year. Respondent contends that petitioners have not established that they used the automobile more than 50 percent of the time and are therefore not entitled to additional deductions. Petitioners' claim of 80 percent business use of their automobile, like the 50 percent claimed on the return, *481 appears to be an estimate arrived at primarily by subtracting estimated mileage attributable to a trip to Arizona from the estimated total mileage. On this record, petitioners have not carried their burden of proving their entitlement to automobile expenses in excess of the amounts claimed on their return. Petitioners purchased a house in Austin, Texas, in 1968 for $ 9,375, which they held as residential rental property (the property). The rental house had an adjusted basis of $ 797 in 1986. The property was rented during the first 3 months of 1986 and, thereafter, because extensive damage had been done to the property by the tenants, petitioners began repair and renovation of the property. This work included installing a new sheet metal roof, new kitchen cabinets, and new tile in the kitchen, garage, and patio. Petitioners also installed a new microwave oven and range in the house. On Schedule E of their 1986 tax return, petitioners claimed depreciation on the improvements, using the straight-line method, as follows: Depreciation
Item
Cost
Years
Claimed
Sheet metal roof
$ 2,209.00
10
$ 110 (6 months)
Kitchen cabinets
3,393.69
3
$ 752
Tile
3,538.31
3
$ 590
Microwave & range
857.49
3
$ 216 (9 months) Total  $ 9,998.49
*482 As to these items, respondent redetermined the depreciation or recovery amount under section 168. The sheet metal roof, kitchen cabinets, and tile were determined to be recoverable as 19-year real property, and the microwave and range were determined to be recoverable as 5-year property. In addition to the above improvements, petitioners also incurred expenditures totaling $ 5,504 for the following items (referred to hereafter as the "listed items"), which they deducted on their 1986 return as repairs: 1. Electrical hardware 2. Installation of vents to the attic 3. Purchase of garbage disposal 4. Purchase of shower door 5. Plumbing hardware 6. Panelling expense 7. Lock expense 8. Painting expense 9. Purchase of ceiling fans 10. Purchase of screens for door Respondent determined that the listed items represented substantial improvements to the property which should be capitalized and recovered pursuant to section 168(f)(1)(C)(i) and (ii) and section 168(c)(2)(D) as 19-year real property rather than deducted as repairs. Petitioners argue that the listed items represented currently deductible expenses rather than capital improvements, and that the depreciation *483 taken on the improvements, which consisted of the roof, cabinets, and tile, should be allowed as claimed because the useful life of each item as determined by petitioners corresponded with the anticipated useful life of the items in petitioners' experience in owning rental properties in Austin, Texas. As an example of their reasoning with respect to the claimed useful life of the improvements, petitioners testified that, due to frequent hailstorms in the Austin area, most roofs must be replaced within 10 years of installation. In the alternative, petitioners argued that they are entitled to an expense deduction in the amount of $ 5,000 under section 179 for the listed items and/or the range and microwave. With respect to petitioners' claim that the listed items above, totaling $ 5,504, represent currently deductible repairs rather than capital improvements, section 1.162-4, Income Tax Regs., provides: The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as an expense, provided the cost of acquisition or production or the gain or *484 loss basis of the taxpayer's plant, equipment or other property, as the case may be, is not increased by the amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, shall either be capitalized and depreciated in accordance with section 167 or charged against the depreciation reserve if such an account is kept.
Thus, to sustain their claim to an expense deduction for the repairs to their rental property, represented by the above-listed items, petitioners must show that the work done did not "materially add to the value of the property nor appreciably prolong its life." Respondent argues that all of the above-listed items represented part of a substantial renovation of the property and are, therefore, properly classified as capital improvements. In support of this position, respondent cites the extensiveness of the work done and the amount expended ($ 5,504) in comparison with the original and adjusted basis of the property ($ 9,375 and $ 797, respectively). The record does not contain any detailed description of the work done, other than the preceding list of 10 categories *485 and petitioners' testimony that the work included replacement of doors, doorways, doorknobs, door screens, locks, plumbing pipe and fixtures, faucets, electrical switchplates, aluminum angle counter edges, and carpet cleaning. The amount spent for each item or category of items was not specified. Petitioners bear the burden of showing that the costs incurred were for repairs and how much was spent for each repair. While it appears that some of the work done, such as carpet cleaning, ordinarily would not represent capital improvements, on this record, the Court is unable to determine the amount spent by petitioners for such items. Further, it appears that many of the "repairs," such as installation of vents to an attic and panelling, are clearly capital improvements. Jaffa v. Commissioner, 198 F. Supp. 234 (N.D. Ohio 1961) (costs of installing acoustical ceilings, panelling walls, laying new floors, and applying tile were nondeductible capital expenditures). On this record, petitioners failed to establish that the listed items, totaling $ 5,504, constituted repairs. Accordingly, the $ 5,504 is properly capitalized and subject to recovery under section 168 *486 as recovery property. [2]
The parties disagree on the deductions allowable under section 168(a). This involves the $ 9,998.49 improvements and the $ 5,504 listed items. Respondent contends that the microwave and range purchased for use in the rental property constitute equipment that is 5-year recovery property pursuant to section 168(c)(2)(B). Section 168(c)(2)(B) defines 5-year property as "section 1245 class property and which is not 3-year property, 10-year property, or 15-year public utility property." The 3-year and 10-year property classes are limited in scope by the definitions of such property in section 168(c)(2)(A) and (C) and do not include the items at issue in this case. Nor are such items 15-year public utility property. Accordingly, the microwave and range are 5-year recovery *487 property for purposes of the section 168(a) deduction. Respondent contends that the remaining improvements consisting of the sheet metal roof, kitchen cabinets, and tile and the listed items making up the $ 5,504 constitute "substantial improvements" to the property, recoverable as 19-year property under section 168(a) and (b). Under section 168(f)(1)(C)(i), "substantial improvements" to section 1250 class property shall be treated as a separate building. Section 168(f)(1)(C)(ii) defines the term "substantial improvement" as: the improvements added to capital account with respect to any building during any 24-month period, but only if the sum of the amounts added to such account during such period equals or exceeds 25 percent of the adjusted basis of the building (determined without regard to the adjustments provided in paragraphs (2) and (3) of section 1016(a)) as of the first day of such period.
Additionally, a "substantial improvement" shall not include any improvement made before the date 3 years after the building was placed in service. Section 168(f)(1)(C)(iii). The improvements by petitioners constituted substantial improvements under these provisions and are, *488 therefore, to be treated as a separate building for purposes of determining the section 168(a) deduction. Real property placed in service after May 5, 1985, and before January 1, 1987, is 19-year real property. Section 168(c)(2)(D). The improvements here were made during 1986. Accordingly, the substantial improvements to petitioners' property are considered 19-year property for purposes of section 168(a). Petitioners argued, in the alternative, that they are entitled to a deduction up to $ 5,000 for the cost of the appliances and/or the $ 5,504 listed items under section 179. Section 179(a) provides that a taxpayer may elect to treat the cost of any section 179 property, defined in section 179(d)(1) as "any recovery property which is section 38 property and which is acquired by purchase for use in a trade or business," as an expense which is not chargeable to capital account. The maximum amount that may be deducted as an expense under this section during taxable year 1986 is $ 5,000. Section 179(b)(1). Section 179(c)(1) provides: (1) In general. -- An election under this section for any taxable year shall -- (A) specify the items of section 179 property to which the election *489 applies and the portion of the cost of each of such items which is to be taken into account under subsection (a), and (B) be made on the taxpayer's return of the tax imposed by this chapter for the taxable year. Such election shall be made in such manner as the Secretary may by regulations prescribe.
Section 1.179-4(a), Income Tax Regs., provides that the election under section 179 "shall be made on the taxpayer's first income tax return for the taxable year to which the election applies (whether or not the return is timely) or on an amended return filed within the time prescribed by law (including extensions) for filing the return for such taxable year." Petitioners made no section 179 election on their 1986 return or any amended return filed "within the time prescribed by law (including extensions)" for filing their 1986 tax return. Accordingly, no expense deduction under section 179 is allowable. Respondent's determinations with respect to capitalization of the costs of improvements to the real property, including the cost of items deducted as repairs by petitioners on their tax return, are sustained. Respondent is also sustained as to the deduction allowed under section *490 168(a) for the real property improvements and the microwave and range. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 167(a) provides: "In the case of recovery property (within the meaning of section 168), the deduction allowable under section 168↩ shall be deemed to constitute the reasonable allowance provided by this section."