CATHARINE G. SHATZER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4.    Promulgated May 19, 1944.

*George S. Raup, Esq.*, for the petitioner.
*Cecil H. Haas, Esq.*, for the respondent.

OPINION.

HARRON, *Judge*: The respondent determined a deficiency of $541.32 in petitioner's income tax for the year 1940. Petitioner assigns as error respondent's determination that petitioner, as the donee of certain farm chattels which had been raised or produced on the donor's farm, was required in her opening inventory to value those chattels at zero, since the chattels had a zero basis in the hands of the donor. The facts have been stipulated and such stipulation is incorporated herein by reference.

Petitioner resides in Springfield, Ohio, and filed her return for the taxable year with the collector for the first district of Ohio. Attached to and made a part of that return was Form 1040F, with a schedule of farm inventory for income computed on an accrual basis.

On December 25, 1939, petitioner's mother made a gift of certain farm lands and farm chattels to her four children, petitioner receiving an undivided one-fourth interest. The donor filed a gift tax return and the tax as shown by the return was duly paid. In this return the chattels were reported at their fair market value of $45,632.

The farm income for the taxable year was reported in the net amount of $10,192.94 and petitioner reported as her income $2,548.24, which was one-fourth of the net farm income. In determining the deficiency the respondent decreased the inventory at the end of the year from $49,309, as reported by petitioner, to $48,168.15. Petitioner does not appear to contest this adjustment. The issue is specifically directed to the value of the inventory at the beginning of the year. In her opening inventory, petitioner valued the farm chattels at $45,632, which was the same amount that the donor used in computing the gift tax. This opening inventory of $45,632 included chattels which had been purchased by the donor at a total cost of $22,624.73 and chattels raised or produced on the donor's farm which were valued at $23,007.27, approximately the cost of their production. Some of these chattels were sold during the taxable year. Respondent in determining the deficiency has eliminated from the donee's opening inventory the value of the chattels which had been raised or produced on the donor's farm. He has determined that the inventory at the beginning of the year should have been $22,624.73 instead of $45,632, as reported by petitioner. As a result respondent increased the net profit realized from the operation of the farm during the taxable year from $10,192.94 to $32,059.36, so that petitioner's one-fourth share was increased to $8,014.84, which gave rise to the deficiency which is now contested.

We think respondent's determination must be sustained.

Section 113 (a) (2) of the Internal Revenue Code provides that for income tax purposes the donee's basis for ascertaining gain on the disposition of property acquired by gift shall be the same as that which it would have in the hands of the donor. In this proceeding, the donor was on the cash basis, so that disbursements made in the prior years for the production of the chattels were deducted by the donor in her income tax returns as expenses. In addition, such items as seed for planting the crop and feed for the animals were raised on the farm and if they had been sold instead of being used for these purposes the donor would have been required to report the amount realized from such sales as income. As a result, the chattels in the hands of the donor which were the subject of the gift had no cost to her for income tax purposes and therefore had a zero basis. If these chattels had been sold by the donor instead of being the subject of a gift, the amount realized from such sale would be taxable income to her. Therefore, under section 113 (a) (2), the donees, including the petitioner, must take the donor's basis of zero. *Taft* v. *Bowers*, 278 U. S. 470; *Wilson Bros. & Co.* v. *Commissioner*, 124 Fed. (2d) 606. As pointed out in these cases, the purpose of section 113 (a) (2) is to prevent increments in value from being realized tax-free. Here, by including these chattels in their inventory at an amount in excess of zero, the donees are escaping tax on the realization of the increment in value which Congress has determined shall be taxable.

Since the return for the taxable year was the first return filed by the petitioner, she was permitted, under the regulations, to report the income of the farm on either a cash basis or an accrual basis. She was not required to use the same method of reporting income as was used by the donor. However, in order to comply with section 113 (a) (2) of the code, which provides that the donee's basis shall be the same as the donor's basis, an adjustment would have to be made in the same manner as if the donor had changed from the cash basis to the accrual basis. Under the regulations in effect during the taxable year, the donor could not have changed from the cash basis to the accrual basis without securing the consent of respondent. If such consent, however, had been obtained, adjustments by the donor would have been necessary to properly reflect the income. In this proceeding, respondent has accomplished the same result by his determination that the farm chattels must be valued in the donee's inventory at a zero basis. Respondent's determination is therefore sustained. Accordingly,

*Decision will be entered for the respondent.*