MILDRED BARTSCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 92986.    Filed March 26, 1964.

*Edward W. Schietinger*, for the petitioner.
*Gary L. Stansbery*, for the respondent.

OPINION

Section 151 of the Internal Revenue Code of 1954 [1] allows a deduction for certain exemptions and allows an exemption for dependents whose gross income (as defined in section 61) for the calendar year in which the taxable year of the taxpayer begins is less than $600.[2] The definition of a dependent is set forth in section 152. Section 152(a) defines a dependent as any of enumerated individuals (including the mother of the petitioner) over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer.

The problem here is whether petitioner is entitled to add the value of her "services" to her mother to her out-of-pocket expenses in that regard. If she can do so under the statute, then the claimed mother dependent can be held to have received over half of her support from petitioner and petitioner can have the dependency exemption, and the head of a household status, as well.

We think this cannot be done and accordingly hold that Anna did not receive over half her support in the taxable year from the taxpayer, her daughter.

This is an intriguing question. By T.D. 6231, approved April 22, 1957, 1957–1 C.B. 77, the Treasury promulgated section 1.152–1 of the Income Tax Regulations which provided in part:

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, these items of support are measured in terms of the amount of expense incurred by the one furnishing such items. However, if the item of support furnished an individual (either by himself or others) is in the form of goods, *services*, or other benefits, it will be necessary to measure the amount of such items of support in terms of its fair market value. [Emphasis supplied.]

However, by T.D. 6304, approved August 19, 1958, 1958–2 C.B. 53,

---

[1] All Code references are to the 1954 Code unless otherwise stated.
[2] Amounts received as pensions under the Social Security Act (42 U.S.C. ch. 7) are excluded from gross income.

the Treasury amended the above regulation by substituting for the last two sentences in the above quotation the following:

Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value.

Thus, the reference to valuing services in determining the amount of support was deliberately deleted from the regulations.

In this connection it may be pointed out, though the legal effect is questionable, that in Index-Digest Supplement, I.R.S. Publication No. 401, promulgated August 1961 (covering matters appearing in Cumulative Bulletins from 1957 through 1960), it is stated:

The regulations have been amended to require that, in determining whether an individual qualifies as a dependent, items of support furnished him in the form of *services* must be measured by the amount of expenses actually incurred. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value. [Emphasis supplied.]

The year in issue is 1959 so the amended regulation referred to in T.D. 6304 was in force. And we believe that the amended regulation is consonant with the law.

To use what has become a cliche: taxation is a practical matter. To hold here otherwise than we have, would be incredibly impractical. Taxpayer and her mother lived together in a home owned by the mother. Each performed household tasks commensurate with her physical capacities. Neither charged or collected from the other for such tasks on a monetary basis. Yet our taxpayer would have us place a value on what she "did" for her mother in order to claim her as a dependent. We attach no opprobrium to her claim; but we are reluctant to say, in the absence of specific statutory direction, and in the face of the equivocal regulatory history, that the taxpayer is entitled to her claim.

We find nothing in the statute requiring that such services as taxpayer rendered to her mother are to be "valued" in computing the "support" which she furnished her mother for dependency exemption purposes. Without clear statutory direction, it is beyond our comprehension why or how such services must be measured in the market place, or anywhere. How can a *quantum meruit* be put upon a daughter's care for an aged mother? Do we balance our judgment of such "value" against the "value" of the personal satisfaction which the daughter in this case receives in giving such care. And, if we do, would we not be required to set off against it the *quid pro quo* of the mother's quavering contribution to the household? One gives the services she needs to give, the other contributes her mite. The daughter might be able to sell such services in the market, the mother

probably could find no market. Does the statute require us to balance one against the other in determining the amount of support the mother receives? Suppose we take what must be a common situation, about the facts of which, of course, it can be said, "tra la, have nothing to do with th[is] case"; i.e., the case of divorced parents where the wife has custody of the children and maintains a home for them. The cash outlays, plus lodging or property furnished by each parent are equal. Both claim dependency exemptions for the children. Who wins? Should the market value of the wife's T(ender) L(oving) C(are) for her children be thrown on the tax scales? We say no. The term "support" in the Code must mean something more than furnishing the ordinary kindnesses and helpfulness and the cooking and the cleaning and the dishwashing that one able member of a household furnishes another less able. These things are not to be valued in the market for tax purposes. Support, as defined in the regulation, includes items such as food, shelter, etc., of which the amount will be "the amount of expense incurred by the one furnishing such item." Petitioner in this case has incurred no expense for furnishing the care ordinarily expected of a daughter for an aged mother (and that is all that is here involved) and we hold she cannot count the value of her personal services in computing whether she furnished "over half" of her mother's support.

Reviewed by the Court.

*Decision will be entered for the respondent.*

FISHER, *J.*, dissenting: The question here is whether the value of personal services rendered to a dependent is to be considered as support under Internal Revenue Code section 152.[3]

The majority's position is that personal services are not includable as part of a dependent's support unless there was an actual expense incurred therefor by the party furnishing the services, relying upon section 1.152–1(a)(2)(i)[4] of respondent's present form of the Income Tax Regulations. I disagree with the construction the majority places upon the present form of respondent's regulations. The fact that reference to valuing services in determining the amount of sup-

---

[3] SEC. 152. DEPENDENT DEFINED.
    (a) GENERAL DEFINITION.—* * * the term "dependent" means any of the following individuals over half of whose support, * * * was received from the taxpayer * * *:
        *        *        *        *        *        *        *
        (4) The father or mother of the taxpayer, or an ancestor of either,
[4] Sec. 1.152–1  General definition of a dependent.
    (a)(2)(i) * * * The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value.

port was deliberately deleted by the respondent from his original regulations in no way forecloses the conclusion that such services are proper considerations in determining the support provided a dependent.

To my mind, it is inconsistent in principle to allow the fair market value of lodging furnished an individual (as the regulations clearly do) but not the fair market value of related household services in determining the support provided the same individual. Why not include only the additional "cost" of such lodging?

In addition, I feel that the majority view tends to discriminate in favor of those who can afford to hire the services of others over the not-so-fortunate who can only provide time and effort and are thereby forced personally to provide the needed services.

I have no quarrel with the facts found by the majority. The focal issue is whether or not personal services are includable as part of dependent's support even though no actual cash expense was incurred therefor. The answer of the majority is "no." Since, as above indicated, my answer would be "yes," I feel that the issue should be projected by this dissent.

FORRESTER, *J.*, agrees with this dissent.