## FRANK MARKARIAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 94062.    Filed June 24, 1964.

Frank Markarian, pro se.
*Melvin E. Pearl,* for the respondent.

### OPINION

SCOTT, *Judge:* Respondent determined deficiencies in petitioner's income tax for the calendar years 1958 and 1959 in the amounts of $143.51 and $123, respectively.

The sole issue for decision is whether petitioner is entitled to a $600 dependency exemption for his mother, Gullu Markarian, for the years 1958 and 1959.

All of the facts have been stipulated and since the stipulation of facts consists of four short paragraphs, it is quoted in full, except for the exhibits, the substance of which will be stated following the quoted body of the stipulation. The stipulation is as follows:

1. Petitioner, Frank Markarian, residing at 636 Park Avenue, South Milwaukee, Wisconsin, filed Federal income tax returns for the taxable years 1958 and 1959 with the District Director of Internal Revenue, Milwaukee, Wisconsin. Correct copies of such returns are attached hereto and made a part hereof as petitioner's and respondent's joint exhibits 1–A and 2–B, respectively.

2. For the years 1958 and 1959, petitioner's mother, Gullu Markarian, lived with petitioner at 636 Park Avenue, in the house owned jointly by petitioner and his brother.

3. During the years 1958 and 1959, petitioner's mother, Gullu Markarian, was suffering from mental and physical illness.

4. Attached hereto and made a part hereof as petitioner's and respondent's joint exhibit 3–C is an allocation of funds statement prepared by petitioner which shall be considered applicable to years 1958 and 1959. Said statement is framed so that should the Court determine that the value of services rendered by petitioner to his claimed dependent are irrelevant, then petitioner has failed to contribute over one-half the total support to the claimed dependent.

Petitioner's individual income tax return for the year 1958 was filed on Form 1040. It showed petitioner's occupation as "accountant." On this return petitioner reported $4,925 as wages from Pioneer Foundry Corp. of Milwaukee, Wis., and he reported other income of $506.09, which consisted of one-half of the capital gain which petitioner's return showed he realized upon the sale of a vacant lot.

On his return petitioner claimed a dependency exemption for his mother, Gullu Markarian, showing that she resided in his home for 12 months of the year, that she did not have gross income of $600 or more, and that the amount he furnished for dependent's support was "ALL."

For 1959 petitioner filed his individual income tax return on Form 1040A, showing $3,055.04 received from Pioneer Foundry Corp. of Milwaukee, and $15.38 from Milwaukee Stamp Metal Co. On this return he claimed his mother, Gullu Markarian, as a dependent, showing that she lived in his home for 12 months of the year, that she did not have gross income of $600 or more, and that he furnished "SOME" of her support. In the space for amount of support furnished by others, he stated, "She gets pension and social security benefits." The statement of funds which the parties agree shows expenditures for the support of Gullu Markarian for the years 1958 and 1959 is as follows:

| | | | | |
|---|---|---|---|---|
| Gross income of Gullu Markarian (nontaxable) | | | $2,218 | |
| Less following deductions: | | | | |
|     Attorney fee for annual statement | | $50 | | |
|     Bond premium | | 10 | | |
|     Administrative expenses by the guardian | | 120 | | |
|     Savings | | 180 | | |
|         Net amount for outlay | | | 360 | |
| | | | | $1,858 |
| Household expenses half of which shared by Gullu Markarian: | | | | |
|     Housing or rental $135 × 12 months | $1,620 | $810 | | |
|     Groceries $25 × 52 weeks | 1,300 | 650 | | |
|     Utilities $25 × 12 months | 300 | 150 | | |
|     Heating | 300 | 150 | | |
|     Household furnishings and supplies | 400 | 200 | | |
|         Total | | 1,960 | | |

Personal expenses of Gullu Markarian:

| | |
|---|---:|
| Medical fee-medicine-drug supplies___ | $500 |
| Maid service for nursing her_____ | 200 |
| Clothes _____ | 200 |
| Notions _____ | 200 |
| Entertainment and sundry_____ | 100 |
| Total_____ | $1,200 |

| | |
|---|---:|
| Aggregate expenses incurred on behalf of Gullu Markarian_____ | $3,160 |
| Deficit spending of Gullu Markarian borne by Frank Markarian_____ | $1,302 |
| Personal services rendered by Frank Markarian on behalf of Gullu Markarian, his mother, as authorized by Garabed Markarian, her legal guardian, 300 hours per month at $1 times 12 months_____ | 3,600 |

Respondent in his notice of deficiency for each of the years 1958 and 1959 disallowed the dependency exemption claimed by petitioner for his mother, Gullu Markarian.

This case is indistinguishable in principle from *Mildred Bartsch*, 41 T.C. 883 (1964). On the basis of the opinion in that case, we sustain respondent's determination herein.

Petitioner attempts to distinguish the *Mildred Bartsch* case on the ground that the record in that case showed only that the taxpayer's mother was 79 years old and infirm, whereas his mother was a complete invalid. The stipulated facts in the instant case show only that petitioner's mother was suffering from mental and physical illness. They do not show, as petitioner contends, that she was a complete invalid. However, if we assume that the stipulated facts are sufficient to warrant a conclusion that petitioner's mother was a complete invalid, such assumption does not distinguish the instant case in principle from *Mildred Bartsch*, supra.

In the *Mildred Bartsch* case we found that the fair value of personal services rendered by the taxpayer to her mother in the year there in issue was not less than $884. Our decision was not based on a determination of whether the services rendered to the taxpayer's mother in the *Mildred Bartsch* case were necessary. However, the inherent assumption from our opinion in that case is that such services were sufficiently necessary to be considered as an element of support if the fair value thereof was otherwise properly to be considered a part of the support that the taxpayer furnished her mother. Furthermore, we found sufficient facts to show that the personal services which the taxpayer there involved rendered to her mother were necessary. In addition to the findings that Mildred Bartsch's mother was 79 years old and infirm, we found that she was nervous, excitable, and forgetful, and her conduct at times childish and that she was not in a position to be left alone for long periods of time. From these findings the inference is clear that it was necessary for someone to be with the mother of the taxpayer in the *Mildred Bartsch* case at most times.

Petitioner argues that his mother was in such condition that he could receive no personal satisfaction as a son from giving her the care which was necessary. The record does not support this argument. Furthermore, petitioner follows this argument with these statements regarding his mother:

She is so incommunicable and noncooperative that when she was confined to a hospital, the nurses were unable to improve her lot. They gave up. They suggested that we consign her to the county asylum. Had that been done, it would have been her death warrant in short time.

* * * It is not filial obligation. It is more for moral reasons. The services I rendered for Mother would *not be done* for another person though I were paid hundred times more than I could earn from a regular employment.

The import of these statements is that petitioner did gain some type of personal satisfaction from the services he rendered for his mother.

While there are some factual variations in the instant case and *Mildred Bartsch, supra,* there are no factual distinctions which make the conclusions reached in *Mildred Bartsch* inapplicable to the instant case.

*Decision will be entered for respondent.*