**Frank MARKARIAN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 14937.

United States Court of Appeals
Seventh Circuit.

Oct. 22, 1965.

Petition for Rehearing En Banc

Denied Nov. 16, 1965.

On Rehearing En Banc Nov. 29, 1965.

Frank Markarian, pro se.

Louis F. Oberdorfer, Lee A. Jackson, I. Henry Kutz, Howard J. Feldman, Washington, D. C., for respondent.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This appeal presents a construction of sections 151 and 152 of the Internal Revenue Code of 1954 [1] and Treasury regulations issued thereunder. The question is whether the value of personal services rendered by a son to an aged mother, residing with him, is includible as an item of support under section 152. The section allows an exemption for a dependent, over one-half of whose support has been supplied by the taxpayer. The Commissioner of Internal Revenue determined that taxpayer Frank Markarian was not entitled to a dependency exemption for his mother for the taxable years 1958 and 1959 and assessed deficiencies in the respective amounts of $143.51 and $123. The Tax Court sustained the action of the Commissioner. The taxpayer then filed the instant petition for review. The Tax Court's decision is reported at 42 T.C. No. 44 (June 24, 1964).

The facts, stipulated in the Tax Court, are here summarized. During the years in question the taxpayer's mother, Gullu Markarian, lived in her son's home. She suffered from mental and physical illness. The taxpayer claimed his mother as a dependent in his income tax returns for both years. In computing the total sup-

---

1. Pertinent portions of Int.Rev.Code of 1954, §§ 151–152 read:

Sec. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.

(a) *Allowance of Deductions.*—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * *

(e) *Additional exemption for dependents.*—(1) *In general.*—An exemption of $600 for each dependent (as defined in section 152)—

(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, * * *

Sec. 152. DEPENDENT DEFINED.

(a) *General Definition.*—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): * * *.

(4) The father or mother of the taxpayer * * *.

port for his mother, the taxpayer added to his actual expenditures amounts for personal services rendered to her. It was stipulated that if the Tax Court decided that the value of these services may not be included in the amount of claimed support, then the taxpayer failed to contribute over one-half the total support of his claimed dependent.

The Tax Court held against the taxpayer, citing Bartsch v. Commissioner, 41 T.C. 883 (1964). The court stated that the two cases are legally indistinguishable. The taxpayer attempts to distinguish Bartsch on the ground that there the taxpayer's mother was old and infirm while here taxpayer's mother was a complete invalid. We agree with the Tax Court that even though the stipulated facts are sufficient to warrant a conclusion that Mrs. Markarian was a total invalid, this would not distinguish in principle the present case from Bartsch. In both cases the services rendered by the taxpayer were necessary.

The Commissioner in the instant case made his determination in accordance with a Treasury regulation promulgated to implement section 152 of the Code.[2] This regulation, as we interpret it, defines support as including only actual expenditures plus the fair market value of property and lodging if the support includes such items. By implication it excludes the value of personal services furnished the dependent for which no money has been expended. The taxpayer contends that the regulation is unreasonable in that it discriminates between classes of taxpayers and between types of support, and therefore is invalid. His contention is supported by the dissent in Bartsch of two judges of the Tax Court.

The current regulation, promulgated August 22, 1958, amended a prior regulation adopted April 25, 1957. The prior regulation, T.D. 6231, 1957–1 Cum.Bull. 77, 83, provided in pertinent part:

However, if the item of support furnished an individual (either by himself or others) is in the form of goods, *services*, or other benefits, it will be necessary to measure the amount of such items of support in terms of its fair market value. (Emphasis added.)

The Treasury deemed the 1958 amendment necessary for important administrative reasons. The circumstances under which the regulation was modified are disclosed in a statement made by the Commissioner before the Tax Court. We deem the statement germane to our discussion and therefore place the substance of it in a footnote.[3] The statement dem-

---

2. Treas.Reg. § 1.521–1(a) (2) (i) (1957), as amended, T.D. 6304, 1958–2 Cum.Bull. 53, 54, reads:

For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value.

3. The Commissioner's statement reads:

Under the 1939 Code, support which an individual received from a taxpayer was measured by the amount of expense incurred by the taxpayer furnishing such support. This "actual expense" rule was contained in Regulations promulgated under the 1939 Code. Treasury Regulations 118, Section 39.25–2. But two 1955 Tax Court decisions under the 1939 Code Regulations (Blarek v. Commissioner, 23 T.C. 1037; Haynes v. Commissioner, 23 T.C. 1046) held that the fair market value of lodging furnished a dependent must be taken into account in measuring the support of the dependent. These cases formed the basis for the initial Regulations under the 1954 Code (T.D. 6231, 1957–1 Cum. Bull. 77, 83, quoted above) which were promulgated on April 25, 1957.

In drafting the 1957 Regulations (subsequent to the Blarek and Haynes de-

onstrates the difficulties encountered in administering the 1957 regulation. It shows the virtual impossibility both in arriving at a proper value for support furnished in the form of services and also in deciding whether or not such services constitute support. Hence, according to the Commissioner, it was necessary to amend the regulation.

It is true that the present regulation contains elements of unfairness. For example, those who can afford to or do pay for the care of a dependent may include their expenses in computing the support furnished, while those who, because of necessity or for other reasons, personally furnish identical services may not include the fair market value of such services. This unfairness, however, must be balanced against the difficulty, if not the impossibility, of determining fairly the value of such services and of deciding what services constitute support. We

think, with some reluctance, that administrative exigencies tip the scales in favor of the present regulation. No tax measure, we suppose, can ever be written that, when considered in all its facets, is completely fair to all. An approximation is all that can be hoped for.; an accommodation to other requirements is to be expected. As the Tax Court said in the Bartsch decision: "[T]axation is a practical matter. To hold * * * otherwise than we have [in disallowing the value of personal services], would be incredibly impractical."

■ Section 152 does not define the term "support." The Treasury, as we have seen, has taken a pragmatic approach in interpreting it in the regulation. The question remains: Is there a logical basis stemming from the Code which permits the current regulation to exclude the value of personal services in computing "support" furnished a dependent? We think there is such a basis.

cisions, supra) it was first thought that the fair market value would be applied only in determining the value of lodging as an item of support. However, in the course of administrative consideration, it was decided that such a rule placed too narrow an interpretation upon the principles of Blarek and Haynes. Thus, the words "goods, services, or other benefits" were decided upon in order to include within the fair market value not only lodging and other property furnished in kind, but also services.

After these Regulations were in effect for less than one year, it became apparent to the Commissioner that the extension of the fair market value concept of the Blarek and Haynes decisions to "services, or other benefits" was too broad, producing results which were neither contemplated or intended. Neither of these decisions required a rule under which the fair market value of services furnished a dependent should be a factor in determining support.

During the period in which the fair market value of services was includible as an item of support under the Regulations, the Internal Revenue Service was flooded with inquiries with respect to the interpretation of this phrase. The most common inquiry was made in cases of divorced parents where the mother was awarded custody of the child and

the father furnished all of the cash necessary for the child's support. The mother naturally took the position that she was entitled to the dependency exemption by virtue of the services she contributed to the child, irrespective of the cash contributed by the father. Both taxpayers and the Service faced the obvious difficulty of attempting to value personal services of this nature. This was especially true in attempting to make the necessary computation of the value of services such as bathing, dressing and other acts performed by the dependent on his own behalf.

The Regulations providing for the valuation of services proved extremely difficult to administer. It was virtually impossible to arrive at a proper value for support furnished in the form of services or to determine in every case whether or not such services constitute support. It was therefore necessary to amend the Regulations to the present wording which limits the application of fair market value to items of support in the form of property or lodging. Thus the current Regulations eliminate the necessity of determining the fair market value of support furnished an individual in the form of services by allowing only the actual expense incurred or any services provided.

In that respect we are in agreement with what the Tax Court said in Bartsch:

> The term "support" in the Code must mean something more than furnishing the ordinary kindness and helpfulness and the cooking and the cleaning and the dishwashing that one able member of a household furnishes another less able. These things are not to be valued in the market for tax purposes. Support, as defined in the regulation, includes items such as food, shelter, etc., of which the amount will be "the amount of expense incurred by the one furnishing such item."

The taxpayer argues that an "invalid test" should be substituted for the current regulation whenever a taxpayer furnishes all household services to a dependent who is mentally or physically helpless. Even in such circumstances, however, we must consider the difficulty in applying such a test as well as the impracticality in determining the value of the services rendered. Furthermore, it is not within the province of the courts to revise Treasury regulations by the decisional process unless there is a clear statutory justification. As the Tax Court said in Bartsch, "We find nothing in the statute requiring that such services as taxpayer rendered to her mother are to be 'valued' in computing the 'support' which she furnished her mother for dependency exemption purposes."

The decision of the Tax Court is affirmed.

Petition for rehearing en banc denied.

Judge SCHNACKENBERG voted to grant the rehearing en banc.

On petition for rehearing en banc.

Circuit Judge SCHNACKENBERG, on petitioner's request for a rehearing en banc:

The opinion of Judge Swygert candidly recognizes the elements of unfairness in the treasury department regulation about which petitioner complains in his petition for rehearing *en banc*. However I cannot agree that any court is justified in saying to such a taxpayer as petitioner herein that such unfairness must be balanced against the difficulty which besets the government in imposing a tax in the circumstances. That difficulty is assumed to involve a fair determination of the value of the services which he rendered to his aged mother who resided with him. The government has assumed the burden of imposing a tax in this case and it has no right to be unfair to the taxpayer because to be fair presents a very difficult problem. If a step in the imposition of a tax is unfair, it cannot be justified on the ground that the government cannot ascertain a fair way to meet its objective.

I reach the same result as the dissenting judges on the Tax Court.

For these reasons I vote to grant petitioner's request for a rehearing en banc.