John Patrick Feeney v. Commissioner.
Feeney v. Commissioner
Docket No. 2848-64.
United States Tax Court
T.C. Memo 1966-9; 1966 Tax Ct. Memo LEXIS 272; 25 T.C.M. (CCH) 40; T.C.M. (RIA) 66009; January 12, 1966
John Patrick Feeney, pro se, 33 Nelson St., Winchester, Mass. John C. Galluzzo, Jr., for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined a deficiency in petitioner's income tax for the year 1961 in the amount of $136.71. The issues for decision are: (1) Did petitioner furnish over one-half the support of his mother during the year 1961; (2) can petitioner deduct as medical expenses, the amount he paid during 1961 for medical services rendered to his mother; (3) can petitioner deduct as taxes, the amount of $229 *273 representing real estate taxes paid during 1961 on real property owned by his mother; and (4) can petitioner deduct as interest, the amount of $172.61 representing interest paid during 1961 on a mortgage obligation of his mother. Findings of Fact Some of the facts have been stipulated, are so found, and the stipulation of facts, together with the exhibit attached thereto, is incorporated herein by this reference. Petitioner resides in Winchester, Massachusetts. He filed his 1961 individual income tax return with the district director of internal revenue for the District of Massachusetts. Petitioner during the year 1961 resided with his mother, Mary Jane Feeney (hereinafter referred to as Mary), in a house owned by Mary. During 1961, Mary had income, less withholding taxes, of $545.70. She also received Social Security payments totaling $960. The fair rental value of Mary's home during the year 1961 was $100 per month. Petitioner, during 1961, had earnings, less withholding taxes, of $1,718.43. In addition to his earnings, petitioner during the year used savings of $400 and borrowed a total of $480, which were all used for the support of himself and his mother. Petitioner *274 paid some of his mother's medical bills during 1961. He also paid local real estate taxes, imposed upon his mother, to the town of Winchester, Massachusetts, totaling $229. The real estate taxes were on the home owned by Mary. He also paid $172.61 to the Co-operative Bank of Winchester, Massachusetts, representing the amount of interest due on a mortgage note obligation of his mother. The mortgage was on the house owned by Mary. All of the funds available to petitioner and Mary during 1961 were used by them for their support. Opinion Petitioner is entitled to a dependency exemption for his mother if he can establish that he has contributed over one-half of her support during the taxable year. Bernard C. Rivers, 33 T.C. 935 (1960). Under the facts of this case, we find that petitioner did not furnish more than 50 percent of the support for his mother. Petitioner had total funds available for his and his mother's support of $2,598.43. At the same time, his mother had funds of $1,505.70 available for her support. However, in determining what Mary had available for her own support, we must include her share of the fair rental value of the house which she owned. See *275 Mildred Bartsch, 41 T.C. 883 (1964). In this case, since petitioner and Mary both lived in the house, Mary's share of the lodgings is $600. Since Mary had available funds plus her share of the lodgings totaling $2,105.70, which were all spent for her support, it follows that for petitioner to have contributed over 50 percent of her support he would have had to have spent in excess of $2,105.70. The evidence of record not only fails to show that petitioner did spend this much for the support of his mother but shows that petitioner could not have spent this much and still have sufficient funds to support himself. Accordingly, we hold for respondent on this issue. Since Mary does not qualify as a dependent of petitioner as defined in section 152, Internal Revenue Code of 1954, it follows that petitioner is not entitled to a medical expense deduction for the medical expenses incurred by her and paid by petitioner. [1]Section 213(a), Internal Revenue Code of 1954. *276 Petitioner's mother owns the home in which they lived. The real estate taxes although paid by petitioner were imposed by the town of Winchester on Mary. The interest paid by petitioner was for the interest on a note obligation of Mary. Based upon these facts, petitioner is not entitled to deduct as taxes and interest the amounts so paid. We have consistently held that in order for taxes to be deducted as such, they must be paid by the one on whom they are imposed. See Edward C. Kohlsaat, 40 B.T.A. 528, 536 (1939). The same is true for interest. The debt was not petitioner's. Accordingly, Decision will be entered for the respondent. Footnotes
1. It is noted that although we have found as a fact that petitioner did pay some of his mother's medical bills, the record is devoid of any evidence regarding the amount so paid by petitioner.↩