Jack Artman v. Commissioner.
Artman v. Commissioner
Docket No. 1840-69 SC.
United States Tax Court
T.C. Memo 1969-260; 1969 Tax Ct. Memo LEXIS 36; 28 T.C.M. (CCH) 1335; T.C.M. (RIA) 69260; December 4, 1969, Filed. Anna D. Marek, for the petitioner. Robert H. Burgess, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $307.48 in petitioner's Federal income tax for the year 1966. Petitioner failed to assign error to respondent's disallowance of a deduction of $322.74 for real estate taxes which he paid on his mother's residence for 1966. Therefore, we treat the issue as *37 not properly raised. Earl V. Perry, 22 T.C. 968, 975 (1954). Respondent has conceded that petitioner is entitled to a deduction of $252.92 for real estate taxes he paid on his own property. This, of course, can be given effect in the Rule 50 computation. The principal issue for decision is whether petitioner contributed more than half of the total support of his mother, Lillian Artman, for the year 1966, so that he is entitled to claim her as a dependent under the provisions of sections 151(e)(1)(A) and 152(a)(4), Internal Revenue Code of 1954. The answer to this question will in turn determine whether petitioner is entitled to use head of household rates in computing his tax and whether he may deduct expenditures made for the medical care of his mother. Findings of Fact Jack Artman (herein called petitioner) was a legal resident of Schiller Park, Illinois, at the time he filed his petition in this proceeding. Petitioner filed his individual Federal income tax return for the year 1966 with the district director of internal revenue, Chicago, Illinois. During the year 1966 the petitioner's mother, Lillian Artman, was the owner of a home located *38 at 4237 Atlantic, Schiller Park, Illinois, where she and the petitioner lived. During the year 1966 the total support of Lillian Artman was approximately $3,887.97. Of this total Lillian provided at least $2,160. This consisted of $1,260 in social security payments which she used for her own support and $900 which was one-half of the fair rental value of her house in 1966. The balance of $1,727.97 was provided by petitioner. It consisted mainly of food, medical expenses and insurance, real estate taxes and various utilities. Petitioner did not provide over half of his mother's total support for the year 1966. Opinion This is a factual question and the facts are not seriously in dispute. Lillian Artman received $1,260 in social security payments which she used for her own support. She also owned her home, and the fair rental value of her lodging in 1966 was $900. Petitioner made allowable expenditures of $1,727.97 for his mother's support. In addition, petitioner claimed at the trial [1] that the amount he paid for the installation of a new roof on his mother's house, miscellaneous expenses for materials in building a new sun porch and various plumbing costs, all totaling about *39 $966.32, should be included as part of his mother's support. He also claimed as a support item $36.21 for insurance premiums paid on his mother's life. We have excluded the $966.32 because it constitutes capital expenditures made by petitioner for permanent improvements to his mother's house. Such capital expenditures cannot be treated as support items except to the extent that they might possibly have increased the fair rental value of the house. But the evidence herein is clear that the total fair rental value of the house for both occupants in 1966 was $1,800. We have also excluded the $36.21 paid by petitioner as insurance premiums on his mother's life. This is not a support item for dependency purposes. Aaron F. Vance, 36 T.C. 547, 550 (1961). Lillian's total support consisted of the fair market value of her lodging ($900), the social security payments ($1,260) she used, and the various support items ($1,727.97) provided by petitioner. See Mildred Bartsch, 41 T.C. 883 (1964); *40 section 1.152-1(a)(2)(i) and (ii), Income Tax Regs. In computing petitioner's contribution to his mother's support in 1966, the value of the lodging ($900) furnished to petitioner by his mother has been offset against the total amount ($2,627.97) he expended. See lena 1337 Hahn, 22 T.C. 212, 215 (1954). When this is done, the $1,727.97 remaining is his contribution for the support of his mother. It is therefore plain on these facts that petitioner contributed less than half of his mother's total support for the year 1966. Accordingly, we hold that petitioner has failed to establish his right to loaim his mother as a dependent for 1966 and is not entitled to the dependency exemption claimed. Since his mother was not his "dependent" as defined in section 152(a)(4), it follows that petitioner may not use the head of household rates to compute his tax. See section 1(b)(2)(B). He is likewise not entitled to deduct the medical expenditures made on behalf of his mother under the provisions of section 213(a). of section 213(a). Decision will be entered under Rule 50. Footnotes
1. Since petitioner has filed no brief, we have gleaned his position from the statements made by his counsel and the testimony and documentary evidence contained in the record.↩