Lolita M. Mosher v. Commissioner.
Mosher v. Commissioner
Docket No. 5971-68.
United States Tax Court
T.C. Memo 1970-56; 1970 Tax Ct. Memo LEXIS 303; 29 T.C.M. (CCH) 251; T.C.M. (RIA) 70056; March 4, 1970, filed. *303 Lolita M. Mosher, pro se, 3366 Mt. Diablo Blvd., Apt.#16, Lafayette, Calif., Jeffrey E. Boly, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a $327 deficiency in petitioner's income tax for 1966. The sole question is whether petitioner furnished more than one-half the support for each of her three children during 1966 so as to be entitled to dependency exemptions for them. The parties have filed a stipulation of facts which in its entirety (except for the introductory paragraph and signatures) is as follows: 1. The petitioner, Lolita M. Mosher, resides at 1062 Orchard Rd., Lafayette, California 94549. 2. The petitioner filed an income tax return with the San Francisco District Director of Internal Revenue for the taxable year 1966, a copy of which is attached as Exhibit 1-A. 3. On that return petitioner claimed dependency exemptions for three minor children: Lita, Eric and Eve whose ages at the end of that taxable year were 15, 13 and 11 years, respectively. 4. These three children resided with the petitioner for the entire year in question. 5. The father of these three children mailed the petitioner a total of $3,240.00 *304 during the year 1966 as support payments for these children. 6. On her return, Exhibit 1-A, the petitioner reported total income of $2,989.86 of which $1,783.94 was wages, $1,200.00 was alimony and $5.92 was interest. The petitioner received no other income during this year. Additionally, the petitioner did not borrow any money during this year. 7. The petitioner and her three children received a total of $600.00 in the form of gifts of clothing, food and cash from her family during the year 1966. 8. Paragraphs 5, 6 and 7 comprehend everything that either petitioner or her three children earned or received from third parties during the year 1966. 9. During the year in question the petitioner and her three children resided in an apartment. The petitioner paid total rent of $1,680.00 and total utilities of $280.00 for the apartment for this year. The petitioner and her three children were the only occupants of this apartment and each of them had equal access to all of the apartment. It is quite apparent from the stipulation that taking into account the funds necessary for petitioner's own support during 1966 she could not have expended on behalf of the children more than $3,240 *305 from funds avilable to her in addition to what the father paid for their support. This petitioner does not appear to dispute. But she testified in substance that her son Eric presented serious psychiatric problems characterized by rebellious and anti-social behavior, that she was required to give up her regular work as a casualty insurance underwriter in order to stay home and carry out her responsibilities to her children, particularly Eric, that if the fair value of her services were taken into account she did in fact furnish more than one-half the support of her children. Petitioner's testimony was sincere and convincing, and we were moved by her situation. It was clear to us that she made conscientious efforts to discharge her responsibilities as a mother, and that if the value of her services were taken into account she would be entitled to prevail. Unfortunately, the law has developed otherwise, 252 and we are unable to consider the value of those services. Mildred Bartsch 41 T.C. 883; Frank Markarian 42 T.C. 640, affirmed 352 F. 2d 870 (C.A. 7), certiorari denied, 384 U.S. 988. The result is unfair as was recognized *306 in Markarian, supra, 352 F. 2d at 873, 874, but our hands are tied. The amount of this $327 deficiency, while small for many persons, could have a crushing effect upon audits only a fraction of the returns filed each year, it could use its manpower to more constructive and profitable ends than it has done in this case, where the inexorable result of its efforts is a gross injustice. Decision will be entered for the respondent.