Virgil C. Beck and Carol R. Beck v. Commissioner.
Beck v. Commissioner
Docket No. 4578-68.
United States Tax Court
T.C. Memo 1970-153; 1970 Tax Ct. Memo LEXIS 204; 29 T.C.M. (CCH) 659; T.C.M. (RIA) 70153; June 15, 1970, Filed Virgil C. Beck, pro se, P.O. Box 185, LaVerne, Calif.Harold W. Vestermark, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1966 in the amount of $403.91. The only issue for decision is whether petitioners are entitled to a deduction for a dependency exemption and medical expenses paid for the father of Virgil C. Beck. Findings *205 of Fact Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife who resided in Montclair, California, at the time of the filing of the petition in this case, filed a joint Federal income tax return for the calendar year 1966 with the district director of internal revenue at Los Angeles, California. During the calendar year 1966 William H. Beck, the father of Virgil C. Beck (hereinafter referred to as petitioner) resided as a patient in the LaVerne Convalescent Home in LaVerne, California, except for the month of January and the first week of February. Just prior to becoming a resident of the LaVerne Convalescent Home, petitioner's father had undergone surgery at the Pomona Valley Community Hospital at Pomona, California. The total cost for the support of petitioner's father for the calendar year 1966 was $5,398.52. [1] Of the total amount of support payments made on behalf of petitioner's father for the taxable year 1966, $3,001.20 came from the following sources: Social Security
$ 779.04
Federal Government
979.97
State of California
891.09
County of Los Angeles 351.10
Total
$3,001.20
Petitioner, during the *206 year 1966, paid $1,252.66 to the Pomona Valley Community Hospital for his father and in addition paid $75 to his father's doctor, $282.50 to the LaVerne Convalescent Home for his father, and $5 for his father to Pathology Medical Group. During 1966 petitioner paid $170.36 for medication for his father. In addition to these medical payments for his father, petitioner paid $611.80 during the year 1966 for personal expenses for his father such as toilet articles, hair cuts, extra food, cleaning, telephone, and TV and radio repairs. The total amount paid by petitioner by check or cash for his father's support during the year 1966 was $2,397.32. In addition to paying amounts toward the support of his father, petitioner rendered personal services to his father such as running errands for him and driving him to various places. Petitioner estimated that on the basis of the amount which would have been charged by another for such services, *207 these services he rendered to his father would be worth $514.80. For the first 2 days after petitioner's father's operation in January 1966, petitioner stayed with him and nursed him for 660 12 hours each day. He had an arrangement with the nurses at the hospital that he would be called if his father needed special attention for the other 12 hours. Petitioner spent the 2 days nursing his father in order to avoid having to pay for 3 nurses a day, each taking 8 hours duty, for his father which petitioner estimated would have cost him $54 a day or a total of $108. Petitioners on their Federal income tax return for the calendar year 1966 claimed as a miscellaneous deduction the amount of $1,252.66 explained as "Dad (Hospital)." They did not claim a deduction for a dependency exemption for petitioner's father. Respondent in his notice of deficiency disallowed the claimed deduction of $1,252.66 with the explanation that "it has not been established that these expenditures qualify as deductions under section 213 of the Internal Revenue Code." Petitioner in his amended petition claimed a deduction for a dependency credit exemption of $600 for his father. *208 Opinion Section 213, I.R.C. 1954, [2] provides for the allowance of a deduction for medical expenses paid for a dependent as defined in section 152. Section 151 provides for a deduction of a dependency credit exemption for such a dependent whose gross income is less than $600. Since petitioner's father did not have any gross income in 1966, if he was a dependent of petitioner within the definition of section 152, petitioner is entitled to both the claimed deduction for medical expenses and the claimed deduction for the dependency exemption. [3] Section 152 provides that the term "dependent" includes the father of a taxpayer if over one-half of the father's support for the calendar year involved was received from the taxpayer. Petitioner recognizes that he did not pay over one-half of his father's support during the calendar year 1966 since the amount of support paid by Social Security and Federal, State, and County welfare agencies was over one-half of the amount of support paid during 1966 for petitioner's father. Petitioner makes some contention that the value of his services should be included in the amount which he paid for support of his father. However, we have held that the *209 value of personal services is not a part of the support paid for a taxpayer's parent. Mildred Bartsch, 41 T.C. 883 (1964), and Frank Markarian, 42 T.C. 640 (1964), affd. 352 F. 2d 870 (C.A. 7, 1965). However, even if the value of the services rendered by petitioner to his father in the instant case for other than nursing care, as estimated by petitioner, is added to the total amount of money payments paid by petitioner toward the support of his father during the year 1966, the total of such amount is still less than the $3,001.20 paid by Social Security and various government agencies. If petitioner's nursing care of his father were also added to the amount on the basis of $27 for a 12-hour day or a total of $54, petitioner's total contribution would not be more than one-half of his father's support in 1966. Therefore petitioner, even on this basis, would not have paid over one-half of his father's support in 1966. *210 The primary argument made by petitioner is that the amount paid by the various governmental welfare agencies and Social Security should not be considered as payments towards his father's support in determining whether petitioner paid over one-half of his father's support. Petitioner argues that had these payments been made by other individuals, he could have entered into a multiple support agreement with them and been entitled to the deductions which he claimed. This same issue has been before the Court in other cases. In Frank Markarian, supra, the payments by persons other than the taxpayer in support of that taxpayer's mother were from Social Security and other nontaxable sources. We held nevertheless that the taxpayer in that case had not contributed over one-half of the support of his mother. In Hazel Newman 28 T.C. 550 (1957), the taxpayer made an argument comparable to that made by petitioner in the instant case. The taxpayer in Hazel Newman made payments to institutions in which her niece and two nephews resided. She made the only payments made to these institutions for the support of her niece and two nephews. However, the payments which she made *211 were substantially less than 661 onehalf of the total cost of the support of her niece and two nephews in the institutions. We held that she was not entitled to deductions for dependency exemptions for her niece and two nephews, pointing out that her argument that she was entitled to such deductions ignored the plain language of the statute which required that in order to be a "dependent" a person must receive "over half of his support from the taxpayer." In that case we called attention to a number of cases holding to the same effect. We conclude that petitioner is not entitled to the deductions which he claims for the dependency exemption and medical expenses for his father for the calendar year 1966 since he did not contribute over half of his father's support during that calendar year. Decision will be entered for respondent. Footnotes
1. The parties stipulated the total cost of petitioner's father's support to be $5,299.82. However, petitioner testified without objection by respondent to $98.70 additional cost of support of his father, so we have used a figure including this addition.↩
2. All references are to the Internal Revenue Code of 1954. ↩
3. Petitioner had other deductions for medical expenses above the 3 percent of his adjusted gross income and therefore any additional medical expenses would be deductible in full.↩