CURVIN A. MILLER and PAULINE A. MILLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Miller v. Commissioner
Docket No. 1674-73
United States Tax Court
T.C. Memo 1975-8; 1975 Tax Ct. Memo LEXIS 365; 34 T.C.M. (CCH) 37; T.C.M. (RIA) 750008; January 14, 1975, Filed Curvin A. Miller, pro se. Russell K. Stewart, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $1,293.52 in petitioners' income tax for 1970. The issues for decision relate to (1) the proper amount of a trade or business loss deductible pursuant to section 165 [1] and (2) certain business expenses partially disallowed by respondent. Some of the facts have been stipulated and are found accordingly and incorporated herein by this reference. *366 Petitioners are husband and wife, who resided in New Oxford, Pennsylvania, at the time of filing their petition herein. (Hereinafter, "petitioner" will refer only to Curvin A. Miller). They filed a joint individual income tax return for the taxable year 1970 with the district director of internal revenue, Philadelphia, Pennsylvania. In 1965, petitioner purchased a standard-bred mare for $250. The mare died in 1970. As a result of the death, petitioners claimed a casualty loss of $10,000 on Schedule C of their 1970 tax return. Petitioner is an owner, trainer, and driver of horses and is licensed by the United States Trotting Association. The $9,750 petitioner added to the original cost of the mare to arrive at the $10,000 deduction represents petitioner's calculation of the value of his time spent training the horse during the years of his ownership. He arrived at the $9,750 figure my multiplying the number of hours he claimed that he spent training the horses by $7.00. During 1970, petitioner was employed as a heavy equipment operator and $7.00 per hour would have approximated petitioner's compensation had he spent the time operating heavy equipment instead of training the *367 mare. Respondent disallowed $9,750 of the claimed loss due to the death of the mare and claimed business expenses of $928.12, consisting of a portion of the amounts petitioner deducted for taxes, repairs, feed, hay, and straw. Section 165(c) allows individuals to deduct losses incurred in a trade or business. There is no $100 limitation on such losses (compare section 165(c) (3)); the full amount of the lost property's adjusted basis (section 1.165-7(b) (1), Income Tax Regs.) may be deducted. The dispute herein is over the proper amount of such adjusted basis. Respondent has not questioned petitioner's assertion that his horse-raising activities amount to a "trade or business." Petitioner's sole argument is that the value of his time spent training the horse should be added to its cost in determining the adjusted basis. As the Court attempted to explain to petitioner at trial, however, our system of taxation does not generally provide for either deduction or capitalization of such "imputed expenses." See I Surrey, Warren, McDaniel and Ault, Federal Income Taxation, pp. 143-146 (1972). There is no evidence that petitioner at any time included the "imputed income" for his training *368 activities in his gross income nor is there any basis for concluding that he should have included such income. [2] He, therefore, cannot now deduct or capitalize such "imputed expenses." Peter Vaira,52 T.C. 986, 1002 (1969), reversed and remanded on another issue, 444 F. 2d 770 (C.A. 3, 1971); cf. Ernest L. Rink,51 T.C. 746, 753 (1969); Frank Markarian,42 T.C. 640 (1964), affd. 352 F. 2d 870 (C.A. 7, 1965); Palmer Hutcheson,17 T.C. 14 (1951); Charles A. Collin,1 B.T.A. 305 (1925). [3]
Petitioner has presented *369 no evidence to justify the full amount of his claimed business expenses. Thus, we must hold that he has failed to carry his burden of proof on this issue. Rule 142, Tax Court Rules of Practice and Procedure.
Decision will be entered for the respondent.
Footnotes
1. Unless otherwise specified, all section references shall refer to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. In the instant situation we do not have the problem that arises where an element of the taxpayer's cost represents an item of income which petitioner should have included, but did not include, in his income for a prior year. Compare Alsop v. Commissioner,290 F. 2d 726↩ (C.A. 2, 1961).
3. See also Frank M. Butrick,T.C. Memo. 1972-59, n. 1; Noel Tancred Escofil,T.C. Memo. 1971-131, affirmed per curiam, 464 F. 2d 358 (C.A. 3, 1972); Ralph S. Clark,T.C. Memo. 1966-22↩.