WILLIAM A. MONGIELLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mongiello v. Commissioner
Docket No. 8657-74.
United States Tax Court
T.C. Memo 1976-171; 1976 Tax Ct. Memo LEXIS 232; 35 T.C.M. (CCH) 772; T.C.M. (RIA) 760171; May 27, 1976, Filed William A. Mongiello, pro se. David A. Schmudde, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a *233 deficiency of $280 in petitioner's Federal income tax for the calendar year 1972. The basic issue is whether petitioner provided more than half the support for his father and mother so as to be entitled to claim them as dependents under sections 151 and 152. [1] Determination of this issue will also resolve the question whether petitioner is entitled to compute his tax on the basis of rates applicable to a head of household in accordance with sections 1(b) and 2(b). Petitioner resided in New York, N.Y., at the time he filed his petition herein. Petitioner's parents owned a three-bedroom home at 307 Revere Avenue, New York, N.Y., in which they, petitioner's brother and sister, and two children of his sister resided during the taxable year. Petitioner resided in the house from September through December 1972, although he considered it his legal residence for the entire taxable year. Petitioner's father received a disability pension of $5,100, his sister earned $6,000, and his brother had $578.50 in income during that year.Petitioner had gross income during *234 1972, as reported on his Federal income tax return, of $3,855.65, from which $505.07 Federal income tax appears to have been withheld. The record is unclear as to how much state income tax and social security tax was withheld. Petitioner claimed three dependents on his tax return for 1972 -- his father, mother, and brother. At the trial, petitioner conceded that, in terms of monies actually contributed to the support of the three claimed dependents, he did not satisfy the more-than-one-half test of section 152. [2] He asserts, however, that he contributed personal services having a value which, when added to the monies actually contributed, aggregate a sufficient amount. Unfortunately for petitioner, the law does not support his position. The decided cases are clear that the value of personal services of a taxpayer are not to be counted in determining the amount of support furnished. Markarian v. Commissioner,352 F. 2d 870 (7th Cir. 1965), affg. 42 T.C. 640 (1964). [3] The fact that petitioner's claimed service may have involved pseudo-medical services, rather than the performance of general household duties, does not detract from this conclusion. *235 Such being the case, we hold that petitioner is not entitled to the claimed dependency exemptions. Our holding also disposes of petitioner's right to claim the benefit of head-of-household rates. In view of the foregoing, we need not consider other possible questions which are involved in petitioner's claims. Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in issue.↩
2. There is no question that the amount represented by the father's disability pension is to be counted in determining compliance with this test, irrespective of whether it constituted taxable income to the father. Thomas J. Black,T.C. Memo. 1972-135; Glenn W. Kincheloe,T.C. Memo. 1971-35; sec. 1.152-1(a)(2)(ii), Income Tax Regs.↩
3. See also Lolita M. Mosher,T.C. Memo. 1970-56↩.