JOHN G. VARTANIAN and MARY T. VARTANIAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vartanian v. Commissioner
Docket No. 2603-76.
United States Tax Court
T.C. Memo 1977-110; 1977 Tax Ct. Memo LEXIS 332; 36 T.C.M. (CCH) 492; T.C.M. (RIA) 770110; April 14, 1977, Filed John G. Vartanian, pro se. William K. Shipley, for the respondent. SCOTT MEMORANDUM FINDINGS *333 OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1973 in the amount of $384. Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for our decision the following: (1) Whether gifts in the amount of $212 made by petitioner to various members of his family to whom he had sold insurance policies are properly deductible as business expenses; [1]
(2) whether petitioner is entitled to deduct as amounts expended on business luncheons any amount in addition to the $630 allowed by respondent; and (3) whether petitioner is entitled to deduct any amount in addition to the $580 allowed by respondent for promotional expense. FINDINGS *334 OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Burbank, California at the time of the filing of the petition in this case, filed a joint Federal income tax return for the calendar year 1973 with Internal Revenue Service Center in Fresno, California. During the year 1973, John G. Vartanian (hereinafter referred to as petitioner) was a life insurance salesman, working primarily for Banker's Life Company. Petitioner traveled extensively throughout Southern California in pursuit of business. A substantial portion of his income was generated by policies sold outside the Los Angeles metropolitan area. During the year 1973, petitioner made gifts to various individuals to whom he had sold life insurance policies and to whom he hoped to sell additional policies. Petitioner kept a list of the various gifts made by date of the gift, name of the person to whom the gift was made and the amount of the gift. The total amount claimed by petitioner to be deductible as gifts made was $619. Of this amount, respondent disallowed $212. The $212 disallowed by respondent consisted entirely of gifts made to various members *335 of petitioner's family on special occasions such as birthdays, Christmas and Easter, or when the person was hospitalized. The following is a list of the items so disallowed: Date
Relationship of (1973)
Donee to Petitioner
Occasion of Gift
Amount
Jan. 16
Daughter-in-law
Birthday
$ 5
Jan. 20
Twin Granddaughter
Birthday
4
Jan. 23
Cousin's Wife
Hospitalization
25
Mar. 10
Daughter-in-law
*
5
Apr. 14
Mother
Easter
5
Apr. 14
Son's Family
Easter
10
Apr. 24
Son
Birthday
5
May 13
Mother
*
5
June 4
Granddaughter
Graduation
25
June 21
Twin Grandchild
Birthday
10
June 23
Granddaughter
Birthday
2
July 7
Granddaughter
Birthday
5
July 18
Grandson
Birthday
5
Aug. 31
Granddaughter
Birthday
2
Sep. 10
Granddaughter
Birthday
2
Nov. 17
Granddaughter
Birthday
2
Dec. 11
Mother
Christmas
10
Dec. 14
Son and Son's Family
Christmas
55
Dec.
Son's Family
Christmas (Elec-
tric Broom Gift)
30
Petitioner often when he called on persons to whom he had sold insurance policies, in an effort to obtain further business or to avoid *336 a cancellation of a policy or on prospective purchasers of insurance policies, would take the individual on whom he called to lunch. Petitioner was very successful in maintaining a low cancellation rate on policies he had previously sold. At times petitioner would make a sale of a policy to a prospective purchaser during the course of a luncheon discussion. During the year 1973, petitioner kept no records of any kind of the names of the persons for whom he purchased lunch, the amounts expended for the lunches or the discussions that took place during the luncheons. He had in prior years attempted to keep such records and had found the keeping of such records to be burdensome. During the year here in issue petitioner computed the deduction claimed for expenses of business luncheons to be $1,392, based on 8 percent of his gross income for the year. During the year here in issue when petitioner would call on various individuals in the rural areas, many of these individuals who were farmers would allow petitioner to pick fruits and nuts that remained on the trees on their farms after the usual harvesting operation had been completed. These farmers knew that petitioner would pick *337 the remaining fruits and nuts, which it was uneconomic for them to have picked in their farm operations, with great care not to do harm to the trees. Petitioner did not pay the farmers for any of the fruits and nuts which he was permitted to pick. After picking the fruits and nuts, petitioner did his own cleaning, trimming and packaging of the fruits and nuts he had obtained. When petitioner would start on a trip through the country in an effort to sell insurance, he would carry in his car fruits and nuts which he had picked, cleaned and packaged, and when he called on persons who had purchased insurance from him or prospective purchasers and considered it an appropriate thing to do, he would give the person on whom he called a box of these fruits or nuts. During the year here in issue, petitioner gave to customers or prospective customers 2,322 pounds of fruits and nuts which he had picked, cleaned and packaged. On his income tax return for 1973, petitioner deducted as promotional expense the amount of $1,161. This amount was computed on the basis of multiplying the total pounds of fruits and nuts which petitioner had given away during the year by 50 cents. In the statutory *338 notice of deficiency, respondent allowed $580 of the $1,161 deducted by petitioner as promotional expenses and disallowed the remaining $581 claimed by petitioner. OPINION The gifts made by petitioner during the year here in issue which were disallowed by respondent were all gifts to members of petitioner's family on special occasions when it is customary for family members to make gifts to each other. While petitioner testified that many of the members of his family carried insurance policies with him, there is no showing in this record that the gifts made by petitioner at Christmas and on birthdays to various members of his family were made for the purpose of helping petitioner to obtain business from his family members rather than for the purpose of following the ordinary custom of making gifts to family members on special occasions. Section 162, I.R.C. 1954, [2] provides for deduction of all ordinary and necessary expenses paid or incurred during a taxable year in carrying on a taxpayer's trade or business. In order for an amount to be deductible under this section, a taxpayer must show that the expense was reasonably necessary to the carrying on of his business. Petitioner *339 has totally failed to make such a showing with respect to the gifts which he made to his family which were disallowed by respondent. Section 262 provides that except as otherwise expressly provided no deduction shall be allowed for personal living or family expenses. In our view the evidence here clearly shows that petitioner's gifts to various members of his family on their birthdays, at Christmas and at Easter, were personal expenses of petitioner which, under section 262, are not deductible. Section 274(d) provides that no deduction shall be allowed for an activity which is of a type generally considered to constitute entertainment or for any expenses of gifts unless the taxpayer substantiates by adequate records or sufficient evidence corroborating his own statement the amount of the expense and the time and place of the entertainment, as well as other items with respect to the expenditures. Section 1.274-5 of the Income Tax Regulations spells out in detail the method of substantiation required. In general, the requirements are some form of written statement made simultaneously with *340 the payment of each item of expense, such as a business luncheon, showing the place the expense was incurred, the amount of the expense, and the person for whom the expense was incurred. Such evidence may be a diary into which entries were made immediately following the expenditure, documentary evidence on which notations have been made, or other similar written statement. These regulations have been upheld as valid on numerous occasions. See Woodward v. Commissioner,50 T.C. 982, 993-994 (1968). Petitioner testified that he had no records with respect to the expenditures he made for business luncheons. Petitioner has totally failed to comply with the requirements of section 274(d)(2). We, therefore, sustain respondent's disallowance of $762 of the amount claimed by petitioner as a deduction for amounts expended for business luncheons. Section 162 provides for deductions of ordinary and necessary expenses "paid" during the taxable year in carrying on a trade or business. Inherent in the provision of this section is that a cash basis taxpayer is only entitled to deduct an amount paid as a business expense during the taxable year. Generally speaking, when a *341 business expense is paid in cash, there is no difficulty in determining the amount of the payment. The record here, however, shows that the petitioner was given the fruits and nuts which he gave to customers. There is no showing in this record of either the basis, if any, of the fruits and nuts to the farmers who gave the fruits and nuts to petitioner or the value of the fruits and nuts, if they had any value, as they were given to the petitioner on the trees. Since the fruits and nuts were a gift to petitioner, his basis for these items and therefore the amounts deductible as "paid" by him in making the gifts to his customers would generally be the donors' basis in these items. Section 1015; Shatzer v. Commissioner,3 T.C. 914 (1944). See also Jones v. Commissioner,24 T.C. 525 (1955). Insofar as this record shows, all of the work in connection with picking and cleaning the fruits and nuts was done by petitioner personally. The value of work done by a taxpayer for which no compensation is received is not a proper deduction in computing that taxpayer's taxable income. See Markarian v. Commissioner,42 T.C. 640 (1964), affd. *342 352 F.2d 870 (7th Cir. 1965). [3]
This record does not show to what extent the value of the fruits and nuts which farmers gave to petitioner was enhanced by petitioner's personal work in picking, cleaning and packaging them. If in fact the fruits and nuts did have a value of 50 cents a pound when petitioner gave them to various individuals with whom he had business connections, a fact not shown by this record, certainly a large part of that value resulted from this work done by petitioner. On the basis of the record here made, we sustain respondent's disallowance of $581 of the amount claimed by petitioner as promotional expense because of his gifts to various persons of fruits and nuts. Because of adjustments agreed to by the parties, Decision will be entered under Rule 155. Footnotes
1. In the notice of deficiency respondent disallowed $235 out of a total claim for deductible gifts of $619. At the trial, the parties stipulated that the $235 was the result of an error in addition and that the proper amount of the disallowance was $212. Respondent in effect stipulated that of the claimed deduction $417 was properly allowable rather than the $384 amount allowed as a deduction for gifts in the notice of deficiency.↩
*. At the trial, petitioner could not recall the occasion for this gift.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. See also Clark v. Commissioner,T.C. Memo. 1966-22, 25 TCM 118↩, 1966 P-H Memo. T.C. par. 66,022, a case specifically holding the value of a taxpayer's services not to be a deductible business expense.